**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | ) | |
| **VANNA HAILE JONES** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **NOE PENA** | ) | **CIVIL ACTION NO.  7:22-cv-46** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **TRANSX, LTD., AND JOHN BEE** | ) | |
| **RINEHART** | ) | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants TRANSX, LTD. ("TransX") and JOHN B. RINEHART ("Rinehart") (collectively, "Defendants"), timely file this notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing this action from the 381st District Court of Starr County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and in support thereof show as follows:

**INTRODUCTION**

1.     This case arises from an automobile collision occurring on August 25, 2020, wherein Plaintiffs Tony James Jones and Vanna Haile Jones (collectively, "Plaintiffs") were rear-ended by a tractor-trailer owned by TransX and operated by Rinehart.[1]  At the time of the collision, a third vehicle—namely, a truck driven by Defendant Noe Pena ("Pena")—was situated between the tractor-trailer and Plaintiffs' vehicle.[2]  The tractor-trailer rear-ended Pena's truck first,

---

[1] *See* State Court Filings, attached hereto as "Exhibit C," at p. 14-15.
[2] *Id.*

pushing the vehicle out of the way.[3]   Then, the tractor-trailer continued forward, eventually striking Plaintiff's vehicle.[4]   Pena's truck never contacted Plaintiff's vehicle.[5]

2.      Plaintiffs commenced this lawsuit against Defendant Noe Pena ("Pena") in the 381st District Court of Starr County, Texas, by filing their Original Petition on or about November 24, 2020.[6] Plaintiffs allege that Pena "stopped too close behind [their] vehicle," and as a result, Pena's truck was propelled forward from the impact with the tractor-trailer and "struck [Plaintiffs'] vehicle[.]"[7] Plaintiffs maintain that they suffered serious personal injuries from the collision and seek to recover damages for these injuries.[8]   Pena appeared and answered the lawsuit on December 28, 2020.[9]

3.      Plaintiffs filed their First Amended Petition on or about January 14, 2021, adding TransX and Rinehart as defendants.[10] Plaintiffs allege that Rinehart failed to operate the tractor-trailer in a reasonably prudent manner, which precipitated the rear-end collision with the other vehicles.[11] Plaintiff also allege that Rinehart was acting within the course and scope of his employment with TransX at the time of the accident, and therefore, TransX is liable for Plaintiffs' injuries under the doctrine of respondeat superior.[12]   Plaintiff served the First Amended Petition on Defendant TransX, Ltd. on or around March 9, 2021.[13]

---

[3] *See* Prior Federal Court Filings, attached hereto as "Exhibit B," at p. 28, 31-33.
[4] *Id.*
[5] *Id.*
[6] *See* Ex. C at p. 1-6.
[7] *Id.*
[8] *Id.*
[9] *Id.* at p. 8-12.
[10] *Id.* at p. 13-23.
[11] *Id.*
[12] *Id.*
[13] *Id.* at p. 29.

4.      On April 1, 2021, TransX, timely filed a notice of removal, removing the case to the Southern District of Texas, McAllen Division, based on diversity jurisdiction.[14]  In support of removal, TransX argued that Plaintiffs had no possibility of recovery against Pena because the available evidence indicated that Pena's truck never struck Plaintiff's vehicle, and therefore, Pena's alleged negligence could not have proximately caused Plaintiffs' claimed injuries.[15] Thus, TransX argued, Plaintiffs had improperly joined Pena to the lawsuit, and the Court should disregard his citizenship for jurisdictional purposes.[16]  TransX further argued that complete diversity of citizenship existed among the remaining parties and that the amount in controversy exceeded $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332.[17]

5.      On April 30, 2021, Plaintiffs filed a Motion for Remand, arguing that they had viable claims against Pena, and therefore, complete diversity did not exist.[18]  In support, Plaintiffs submitted (among other things) the affidavit of Tony James Jones, wherein Mr. Jones stated that Pena's truck was stopped very close to his vehicle immediately before the accident and that Mr. Jones felt Pena's truck collide with his vehicle before the collision with the tractor-trailer.[19] Defendants timely filed a response, setting forth the evidence available at that time showing that no collision could have occurred between Plaintiffs' and Pena's vehicles.[20]  On July 14, 2021, the Court entered an order granting the remand, reasoning that the alleged proximity of Pena's truck to Plaintiffs' vehicle—as alleged in Mr. Jones' affidavit—was sufficient to create a fact issue concerning Pena's negligence and to support the possibility of recovery against him.[21]

---

[14] *See* Ex. B at p. 1-6.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at p. 14-26, 37-46.
[19] *Id.* at p. 46.
[20] *Id.* at p. 27-36, 47-55.
[21] *Id.* at p. 56-62.

6.      Thereafter, the case returned to the 381st District Court of Starr County, Texas.  On July 19, 2021, Pena filed a cross-claim against TransX and Rinehart, alleging that, as a result of TransX's and Rinehart's negligence, he too suffered serious injuries as a result of the collision.[22]  On August 3, 2021, Defendants appeared and answered the lawsuit, generally denying Plaintiffs' claims and asserting various affirmative defenses.[23]

7.      On August 5, 2021, Defendants served written discovery on Plaintiffs, including requests for production, which requested, among other things "[a] copy of any and all photographs, audio, or video recordings relating to the claims in this lawsuit."[24]  In response, Plaintiffs produced copies of DPS dash-cam and body-cam footage, along with various photos of the vehicles involved in the accident.[25]  On January 10, 2022, however, Defendants received a letter from Plaintiffs' counsel, informing Defendants' counsel that a "recorded statement of Mr. Jones" had been omitted from Plaintiff's earlier document production.[26]  The letter included a copy of the recorded statement "in supplementation to [Plaintiffs'] previous discovery answers."[27]

8.      The recorded statement that Plaintiffs belatedly produced is from a conversation between Mr. Jones and a representative of his automobile insurer concerning the accident.[28]  In the statement, Mr. Jones expressly states that the tractor-trailer "knocked him [*i.e.*, Pena's truck] out of the way" before the tractor-trailer struck Plaintiffs' vehicle.[29]  This statement controverts Mr. Jones' earlier affidavit testimony presented in support of remand.[30]  Defendants have filed this notice of removal within 30 days of the date they received this audio recording.

---

[22] *See* Ex. C at p. 38-58.
[23] *Id.* at p. 65-72, 82-88.
[24] *See* Requests for Production Served on Plaintiffs in State Court Action, attached hereto as "Exhibit D."
[25] *See* Plaintiffs Responses to Requests for Production, attached hereto as "Exhibit E."
[26] *See* January 10, 2022, Letter, attached hereto as "Exhibit F."
[27] *Id.*
[28] *See* Recorded Statement of Tony James Jones, attached hereto as "Exhibit G."
[29] *Id.* at 2:08-2:42.
[30] *See* Ex. B at p. 46.

## <u>TIMELINESS OF REMOVAL</u>

9.      "The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).  "As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*."  *Id.* (emphasis added).  The prohibition against removal "on the same ground," however, does not concern the theory on which federal jurisdiction exists (*i.e.*, federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.   *Id.* at 492-493.   Hence, newly-acquired evidence that supports a previously unsuccessful theory of removal—including diversity jurisdiction based on improper joinder— constitutes "new grounds" for federal jurisdiction and provides a legal basis for a successive removal.  *Id.*; *see also Green v. R.J. Reynolds Tobacco Co.*, No. CIV.A.H-99-2579, 2000 WL 33993335, at *5 (S.D. Tex. Aug. 17, 2000), *aff'd*, 274 F.3d 263 (5th Cir. 2001) (new evidence in the form of an affidavit that supported improper joinder was sufficient "new grounds" to support second removal); *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1313 (M.D. Ala. 2002) (new deposition testimony that contradicted plaintiff's previous affidavit offered in support of motion for remand was sufficient "new grounds" to support second removal).

10.     This rule is codified in the federal removal statute, which allows for a successive removal within 30 days after Defendant receives "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *Fernando Garcia v. MVT Services, Inc.*, 589 F. Supp. 2d 797, 803 (W.D. Tex. 2008).   For a document to be considered "other paper" under § 1446(b)(3), it "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The Fifth

Circuit recognizes "other paper" to include correspondence between parties, deposition testimony, and other discovery materials. *Garcia*, 589 F. Supp. 2d at 803; *see also Addo*, 230 F.3d at 761 (receipt of a post-complaint demand letter is "other paper"); *S.W.S. Erectors*, 72 F.3d at 494 (transcript of deposition testimony is "other paper"); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (answer to an interrogatory constitutes "other paper").

11.     Here, after remand, Plaintiffs belatedly produced Mr. Jones' recorded admission that Pena's truck was "knocked . . . out of the way" before the tractor-trailer struck Plaintiffs' vehicle.[31]  This admission contradicts Mr. Jones' earlier affidavit offered in support of remand, wherein Mr. Jones claims that Pena's truck was pushed into Plaintiffs' vehicle.[32]  Accordingly, the recorded statement provides "new grounds" supporting Defendants' position that Plaintiffs have no possibility of recovery against Pena.  Moreover, Defendants are filing this notice of removal within 30 days after receiving the recorded statement.  Accordingly, this notice of removal is timely under 28 U.S.C. § 1446(b)(3).

## **BASIS FOR REMOVAL**

12.     In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

13.     The Court should not consider the citizenship of Defendant Noe Pena for purposes of this removal because he has been improperly joined to this case.  Under the well-established law of

---

[31] *See* Ex. F, G.
[32] *See* Ex. B at p. 46.

this Circuit, the citizenship of a non-diverse party who has been improperly joined to a suit solely to defeat diversity jurisdiction should be disregarded when ascertaining whether a federal court has subject matter jurisdiction under 28 U.S.C. § 1332. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). A defendant is improperly joined when there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state, non-diverse defendant on the claims pleaded in state court. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

14.     Here, the only causes of action Plaintiffs assert against Pena are for negligence and negligence *per se* based on violations of the Texas Transportation Code.[33] Specifically, Plaintiffs claim Pena failed to keep a proper lookout, failed to timely apply his brakes, and failed to keep an assured clear distance between his truck and Plaintiffs' vehicle.[34] Plaintiffs concede that Pena was fully stopped behind their vehicle at the intersection when Pena was struck in the rear by the tractor-trailer.[35] Pena cannot be negligent for failing to timely apply his brakes, keep a proper lookout, or for following too closely when his vehicle safely stopped behind Plaintiffs.

15.     Further, as discussed above, Plaintiffs misrepresent the facts regarding Pena's truck striking Plaintiffs' vehicle. Extensive pre-suit investigation was undertaken by all parties.[36] The vehicles were visually inspected and data from the electronic control modules were retrieved from Plaintiffs' and Pena's vehicles.[37] The physical evidence and electronic crash data conclusively show that Pena's truck never impacted Plaintiffs' vehicle.[38] Moreover, the recently disclosed recorded statement of Mr. Jones, wherein Mr. Jones admits that Pena's truck was

---

[33] *See* Ex. C at p. 15-16.
[34] *Id.*
[35] *Id.*
[36] *See* Ex. B at p. 31-33.
[37] *Id.*
[38] *Id.*

"knocked . . . out of the way" before the tractor-trailer struck Plaintiffs' vehicle further shows that Pena's truck never impacted Plaintiffs' vehicle and, therefore, could not have proximately causes Plaintiffs' claimed injuries.[39]   Accordingly, Defendant Pena has been improperly joined, and his citizenship should be disregarded for jurisdictional purposes.

16.     In the absence of Pena, complete diversity under 28 U.S.C. § 1332 exists in this case. Specifically, Plaintiffs are residents and citizens of Texas who reside in Tom Green County, Texas.[40]  Rinehart is a resident and citizen of Alberta, Canada who resides in Big Valley, Alberta, Canada.[41]  TransX is a corporation under the laws of Manitoba, Canada, with its principal place of business in Winnipeg, Manitoba, Canada and is therefore a citizen of Manitoba, Canada.[42]

17.     Further, the amount in controversy meets the jurisdictional threshold.  Plaintiff is seeking relief pursuant to Texas Rule of Procedure 47 in an amount of over $1,000,000.00.[43]  Based on these allegations alone, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   But, even if Plaintiffs had not already pled themselves above the minimum amount needed for diversity jurisdiction, it is clear the types of damages they are seeking, when considered jointly, put them well above the jurisdictional minimum.[44] Taking all of the allegations together, Defendants have ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.  For these reasons, it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00.

---

[39] *See* Ex. G at 2:08-2:42.
[40] *See* Ex. C at p. 13.
[41] *Id.* at p. 13-14,
[42] *Id.* at p. 14.
[43] *Id.* at p. 19-21.
[44] *Id.*

18.     Further, pursuant to 28 U.S.C. § 1367, this Court has ancillary jurisdiction over Pena's cross-claims against Defendants because these claims are so related to Plaintiffs' claims that they form part of the same case or controversy.

19.     This case is properly removed to this Court under 28 U.S.C. §§ 1441 as the state court action is pending in the 381st District Court of Starr County, Texas.

20.     Plaintiffs filed a demand for a jury trial in the State Court Proceeding.

**COMPLIANCE WITH 28 U.S.C. §1446(a) AND LOCAL RULE 81**

21.     In accordance with 28 U.S.C. § 1446(a), attached hereto are (i) an index of all matters filed in this case; (ii) a copy of all executed process in the case; (iii) a copy of all pleadings filed in the State Court Proceedings arranged in chronological order; (iv) a copy of the state court docket sheet; and, (v) a list of all parties, their respective counsel and court information.

**NOTICE TO STATE COURT**

22.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of notice of removal will be given to the 381st Judicial District Court of Starr County, Texas, promptly after the filing of this notice of removal, and to counsel of record for all parties.

        WHEREFORE, Defendants hereby effectuate a removal of this cause to this Honorable Court and pray that such removal be entered on the docket of this Court.

Respectfully submitted,

**SHEEHY, WARE, PAPPAS & GRUBBS, P.C.**

By: _____

George P. Pappas
Fed. Id. 2905
SBN 15454800
909 Fannin Street, Suite 2500
Houston, Texas 77010-1003
Phone (713) 951-1000
Fax (713) 951-1199

Email:  gpappas@sheehyware.com

**ATTORNEY IN CHARGE FOR**
**DEFENDANTS, TRANSX, LTD.**
**AND JOHN B. RINEHART**

**OF COUNESL:**
Kevin C. Cazalas
Fed Id. 1062365
SBN: 24069487
Sheehy, Ware, Pappas & Grubbs, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010-1003
Phone (713) 951-1000
Fax (713) 951-1199
Email: kcazalas@sheehyware.com

## <u>CERTIFICATE OF SERVICE</u>

       Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record on February 8, 2022, by fax, email and/or electronic service:

**Counsel** *for Plaintiffs:*
Carlos Rodriguez, Mary Noel Golder
Saraneil Stribling
**Webb, Stokes & Sparks, L.L.P.**
P.O. Box 1271
San Angelo, Texas 76902
      -AND-
Donato D. Ramos, Jr.
**Law Office of Donato D. Ramos, P.L.L.C.**
Texas Community Bank Bldg., Suite 350
6724 McPherson Rd. (78041)
Laredo, Texas 78045
*Via E-file and email*
crod@webbstokessparks.com
mngolder@webbstokessparks.com
sstribling@webbstokessparks.com
donatoramosjr@ddrlex.com

*Counsel for Defendant, Noe Pena:*
Ray R. Ortiz
Brenda Montoya
**Ortiz & Batis, P.C**.
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
*Via E-file and email*
ray@ob-lawpc.com
brenda@ob-lawpc.com
rrosupport@ob-lawpc.com

*Counsel for Cross-Plaintiff, Noe-Pena*
Jody Mask
Alberto "Beto" L. Guerrero
**MASK & GUERRERO**
1100 E. Jasmine, Ste. 204
McAllen, Texas 78501
beto@masklaw.com
jody@masklaw.com
    **-**AND-
Stephen A. Gibson
**LAW OFFICE OF STEPHEN A. GIBSON**
3205 W. Alberta Road
Edinburg, TX 78539
attorney956@gmail.com

_____
George P. Pappas