**EXHIBIT C**

DC-20-443

Starr County - District Clerk

Filed 11/24/2020 5:05 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Maria Guerra

No. **DC-20-443**

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **VS.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | **381ST** |
| **NOE PENA** | § | _____ JUDCIAL DISTRICT |

<u>**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **TONY JAMES JONES and VANNA HAILE JONES**, hereinafter referred to as Plaintiffs, complaining of **NOE PENA**, hereinafter referred to as Defendant, and files this their first Original Petition and Request for Disclosure, and for cause of action would respectfully show the Court as follows:

## I.    <u>DISCOVERY LEVEL</u>

Plaintiffs plead that discovery in this case should be controlled by Rule 190.4 T.R.C.P. (Level 3).

## II.    <u>PARTIES</u>

Plaintiff, **TONY JAMES JONES**, DL: 3387: SS#462, resides in San Angelo, Tom Green County, Texas.

Plaintiff, **VANNA HAILE JONES**, DL: 8424: SS#545, resides in San Angelo, Tom Green County, Texas.

Defendant, **NOE PENA,** resides at 320 Deluxe St., Rio Grande City, Starr County, Texas, 78582, where service may be had upon him.

## III.    <u>VENUE</u>

Venue is proper in Starr County pursuant to Section 15.002a(2) of the Texas Civil Practices & Remedies Code in that Defendant, **NOE PENA,** is a natural person and Starr

**EXHIBIT C**

County is the county of Defendant, **NOE PENA'S,** residence at the time of the cause of action accrued.

## IV.    STATEMENT OF FACTS

On or about August 25, 2020, at approximately 6:08 p.m., Plaintiff, **TONY JAMES JONES** was driving, **and VANNA HAILE JONES** was a passenger in a 2018 Audi SUV. **TONY JAMES JONES and VANNA HAILE JONES** were traveling southbound on US Highway 67 in Dawson County, Texas.  **TONY JAMES JONES** stopped his vehicle at a red light at the intersection of US Highway 67 and State Highway 349.

At or about the same time, Defendant, **NOE PENA** was driving a 2009 Ford F150 pickup truck southbound on US Highway 67 directly behind the Jones' 2018 Audi. Defendant, **NOE PENA**, stopped too close behind The Jones' vehicle, not leaving an assured clear distance between his Ford F150 and The Jones' Audi.

Also, at or about that time ,a tractor trailer being operated by John Bee Rinehart, failed to stop crashing into the rear of NOE PENA's vehicle.  As a result, NOE PENA's 2009 Ford F150 struck Plaintiffs' 2018 Audi SUV resulting in the injuries and damages to Plaintiff as hereinafter more fully set forth.

## V.    NEGLIGENCE

At the time and on the occasion in question, **NOE PENA** failed to use ordinary care in one or more of the following particulars:

    a)    He failed to keep a proper lookout;

    b)    He failed to timely apply his brakes; and

    c)    He failed to keep an assured clear distance between his vehicle and the vehicle in front of him.

One or more of the above acts and/or omissions constitutes negligence and as such was a proximate cause of the collision in question.

EXHIBIT C

## VI.   NEGLIGENCE PER SE

Moreover, Plaintiff would show that, at the time of the incident in question, **NOE PENA** violated the TEXAS TRANSPORTATION CODE in at least one or more of the following ways:

    a.    Failing to maintain an assured clear distance between two vehicles, a violation of §545.062(a);

At all times material to this cause of action, Plaintiff belonged to that class of persons for whom said statutes were enacted to protect. **NOE PENA'S** failure to adhere to the strict standards set forth by said statutes and/or regulations constitutes *negligence per se*. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII.   DAMAGES

As a direct result of the collision in question, Plaintiff, **TONY JAMES JONES** sustained serious injuries to his head, neck and back.  By reason of these injuries, Plaintiff, **TONY JAMES JONES**, has suffered physical pain and mental anguish which continues to the present time and which will, in all probability, continue indefinitely into the future. Plaintiff experienced physical disfigurement in the past.  Further, Plaintiff has sustained physical impairment in the past and will, in all probability, sustain the same in the future.

Plaintiff, **TONY JAMES JONES**, has been required to expend sums of money for reasonable and necessary hospital care, doctors and nurses, and others engaged in the healing arts, and Plaintiff will, in all reasonable probability, be required to expend additional sums of money for medical expenses in the future.

Plaintiff has experienced lost wages in the past, and Plaintiff will, in all reasonable probability, experience a loss of earning capacity in the future.

As a direct result of the collision in question, Plaintiff, **VANNA HAILE JONES** sustained serious injuries to her head, neck and back.  By reason of these injuries, Plaintiff, **VANNA HAILE JONES**, has suffered physical pain and mental anguish which continues to the present time and which will, in all probability, continue indefinitely into the future. Plaintiff experienced physical disfigurement in the past.  Further, Plaintiff has sustained physical impairment in the past and will, in all probability, sustain the same in the future.

Plaintiff, **VANNA HAILE JONES**, has been required to expend sums of money for reasonable and necessary hospital care, doctors and nurses, and others engaged in the healing arts, and Plaintiff will, in all reasonable probability, be required to expend additional sums of money for medical expenses in the future.

Plaintiff has experienced lost wages in the past, and Plaintiff will, in all reasonable probability, experience a loss of earning capacity in the future.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VIII.   <u>RULE 193.7 NOTICE</u>

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

EXHIBIT C

## IX.    REQUEST FOR DISCLOSURE

Pursuant to the provisions of TEX. R. CIV. P. 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information and material described in TEX. R. CIV. P. 194.2 (a)-(l).

## X.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to answer this Petition; that upon final hearing hereof, they have judgment against Defendant, **NOE PENA,** for damages in an amount appropriate and consistent with Plaintiffs' losses and injuries, for pre-judgment and post judgment interest, costs of court, and for such other and further relief to which they may prove themselves justly entitled, at law or in equity.

Respectfully submitted,

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas   76902
325/653-6866
FAX 325/655-1250

BY    /s/ Carlos Rodriguez
    **CARLOS RODRIGUEZ**
    State Bar No. 24041804
    crod@webbstokessparks.com
    **MARY NOEL GOLDER**
    State Bar No. 08089700
    mngolder@webbstokessparks.com
    **SARANEIL STRIBLING**
    State Bar No. 24095496
    sstribling@webbstokessparks.com

        AND

    Law Offices of Donato D. Ramos, P.L.L.C.
    Texas Community Bank Bldg., Suite 350
    6721 McPherson Rd. (78041)

*Plaintiffs' Original Petition*                    5

P.O. Box 452009
Laredo, Texas 78045
Telephone: (956) 722-9909
Facsimile: (956) 727-5884

**Donato D. Ramos, Jr.**
SBN: 24041744
donatoramosjr@ddrlex.com

ATTORNEYS FOR PLAINTIFF

***PLAINTIFF REQUESTS A JURY***

Filed: 12/28/2020 1:46 PM
Orlando Velasquez, District Clerk
Starr County, Texas
Ana Martinez

**EXHIBIT C**

# WEBB, STOKES & SPARKS, L.L.P.

ATTORNEYS AT LAW

Aubrey D. Stokes (1921-1990)
Tom Webb (1926-1996)
Sam D. Sparks (1944-2020)
\*✦Max Parker
\*Guy D. Choate
\*✦Mary Noel Golder
\*Carlos Rodriguez
SaraNeil Stribling

314 West Harris
—
P.O. Box 1271
San Angelo, Texas  76902
(325) 653-6866

Fax  (325) 655-1250

mparker@webbstokessparks.com
gdchoate@webbstokessparks.com
mngolder@webbstokessparks.com
crod@webbstokessparks.com
sstribling@webbstokessparks.com

\*   BOARD CERTIFIED
    PERSONAL INJURY TRIAL LAW
    TEXAS BOARD OF LEGAL SPECIALIZATION
✦ NATIONAL BOARD OF TRIAL ADVOCACY

December 28, 2020

***Via E-File***
Orlando Velasquez
Starr County District Clerk
401 Britton Ave. #304
Rio Grande City, TX 78582

> Re:     ***Cause No. DC-20-443; Tony James Jones and Vanna Haile Jones v. Noe Pena***

Dear Mr. Velasquez;

We are requesting one copy of the Officer's Return of Service, which we believe is 4 pages.

Please send the return of service via e-file or email to sstribling@webbstokessparks.com.

Thank you for your courtesy and attention to this matter.

Sincerely,

**WEBB, STOKES & SPARKS, L.L.P**

/s/ SaraNeil Stribling

**SARANEIL STRIBLING**

Filed 12/28/2020 4:49 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

## CAUSE NO. DC-20-443

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **vs.** | § | **381ST JUDICIAL DISTRICT** |
| | § | |
| **NOE PENA** | § | **STARR COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, alleged Defendant, Noe Pena, in the above above-styled and numbered cause, and files this his Original Answer and respectfully shows the Court as follows:

## GENERAL DENIAL

1.      Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiffs be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## AFFIRMATIVE DEFENSES AND DENIALS

2.      Defendant affirmatively states that to the extent that Plaintiffs sustained any damages, if any, Plaintiffs failed to take timely, proper and reasonable steps to mitigate their damages.

3.      In addition, Texas Civil Practice and Remedies Code § 41.0105 applies and medical and health care damages awarded, if any, are subject to statutory limits set forth therein, other applicable statutory authority, and common law. Specifically, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of any Plaintiffs. What is more evidence of any medical damages in the past that are not compensable are irrelevant and inadmissible. *See Haygood v. De Escabedo*, 2011 WL 2601363, *5 (Tex. 2011).

In addition, to the extent Plaintiffs had health insurance, Medicaid or Medicare available to them and failed to submit such bills to their health insurer, Medicaid or Medicare, Plaintiffs have failed to mitigate under sections 41.0105 and 146.001-.003 of the Texas Civil Practice and Remedies Code.

4.       This Defendant invokes Sec. 18.091 of the Texas Civil Practice and Remedies Code and request that to the extent that Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. This Defendant further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiffs are subject to federal or state income taxes.

5.       This Defendant affirmatively assert all rights set forth in Tex. Civ. Prac. & Rem. Code Ann. Chapters 32 and 33, with regard to contribution and/or a settlement credit election in the event that Plaintiffs settle with any individual or entity, related in any way to any losses or damages claimed or arising out of the incident made the basis of this lawsuit.

6.       By way of additional affirmative defense, this Defendant would show that Plaintiffs have failed to mitigate the damages alleged to have occurred because of the accident in question, and have in fact sought to maximize and overstate those damages, to the extent that Plaintiffs (individually or through counsel) have paid, or agreed to pay, medical expenses incurred by Plaintiffs through a "letter of protection" arrangement, or under a similar contractual arrangement tied to the outcome of this lawsuit, and have therefore failed to challenge or question the reasonableness of any of the charges incurred or to negotiate a reduced rate from the healthcare providers, as would an ordinarily careful and prudent person in the management of his or her own business affairs. While such steps would have been taken by any reasonable third-party payor (such as Medicare, Medicaid, or any private group health insurer), under the circumstances

currently existing, Plaintiffs have instead sought to maximize the damages which could be presented to the Court, in order to maximize the potential recovery in this lawsuit, and the potential recovery of certain medical professionals providing treatment under a "letter of protection" arrangement. In essence, Plaintiffs have taken affirmative steps to increase the damages which might be claimed in this lawsuit, rather than take reasonable steps to insure that the charges made are not exaggerated or inflated, but instead represent the reasonable and customary charges actually paid in the Starr County area for individuals receiving the same or similar medical services.

7.       Pleading in the alternative, if same be necessary, and as an affirmative defense, Defendant states that if Plaintiffs are suffering from any injuries whatsoever, or have undergone any mental or physical pain or suffering, incurred any expenses whatsoever, or have or will sustain any mental or physical pain or suffering, then such is due solely or partially to diseases, natural causes, disorders, bodily infirmities and/or prior and subsequent incidents or injuries, wholly disassociated with the allegations upon which this lawsuit is filed.

8.       Defendant further asserts that any recovery by Plaintiffs of pre-judgment interest is limited, in whole or in part, by the dates and amounts set forth in Chapter 304 of the Texas Finance Code.

## NOTICE OF SELF-AUTHENTICATION

9.       Defendant invokes self-authentication rights pursuant to Rule 193.7 of the Texas Rules of Civil Procedure**,** and specifically that documents/items made available by Plaintiffs through the discovery process may be used at trial and/or in pre-trial proceedings.

## DEMAND FOR JURY TRIAL

10.       Defendant respectfully demands a trial by jury.

**EXHIBIT C**

## REQUEST FOR DISCLOSURE

11.      Under Texas Rule of Civil Procedure 194, Plaintiffs, Tony James Jones and Vanna Haile Jones, are requested to disclose within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant, Noe Pena, respectfully prays that Plaintiffs take nothing by reason of this lawsuit. Defendant further prays for additional and further relief to which he may show himself to be justly entitled, at law or in equity.

Respectfully submitted,

**ORTIZ & BATIS, P.C.**

By: ___*/s/ Brenda Montoya*_____
       Ray R. Ortiz
       State Bar No. 15324280
       Brenda Montoya
       State Bar No. 24102234
       ray@ob-lawpc.com
       brenda@ob-lawpc.com
       rrosupport@ob-lawpc.com
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
(210) 344-3900 Telephone
(210) 366-4301 Facsimile
**COUNSEL FOR DEFENDANT,**
**NOE PENA**

EXHIBIT C

## <u>CERTIFICATE OF SERVICE</u>

      In accordance with the Texas Rules of Civil Procedure, on December 28, 2020, the above and foregoing instrument was served upon the following counsel of record:

      Carlos Rodriguez
      Mary Noel Golder
      Saraneil Stribling
      WEBB STOKES & SPARKS, L.L.P.
      P.O. Box 1271
      San Angelo, Texas 76902
      Facsimile: 325-655-1250
      crod@webbstokessparks.com
      mngolder@webbstokessparks.com
      sstribling@webbstokessparks.com

      Donato D. Ramos, Jr.
      LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.
      Texas Community Bank Bldg., Suite 350
      6721 McPherson Rd.
      Laredo, Texas 78045
      donatoramosjr@ddrlex.com

                                  */s/ Brenda Montoya*
                              Ray R. Ortiz/Brenda Montoya

Filed: 1/14/2021 3:01 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Marlin Salinas

No.  DC-20-443

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **VS.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| | § | |
| **NOE PENA** | § | **381st JUDCIAL DISTRICT** |

<u>**PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION**</u>
<u>**AND REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **TONY JAMES JONES and VANNA HAILE JONES**, hereinafter referred to as Plaintiffs, complaining of **NOE PENA**, **JOHN BEE RINEHART and TRANSX LTD** and files this their First Amended Original Petition and Request for Disclosure, and for cause of action would respectfully show the Court as follows:

## I.       DISCOVERY LEVEL

Plaintiffs plead that discovery in this case should be controlled by Rule 190.4 T.R.C.P. (Level 3).

## II.       PARTIES

Plaintiff, **TONY JAMES JONES**, DL: 3387: SS#462, resides in San Angelo, Tom Green County, Texas.

Plaintiff, **VANNA HAILE JONES**, DL: 8424: SS#545, resides in San Angelo, Tom Green County, Texas.

Defendant, **NOE PENA,** resides at 320 Deluxe St., Rio Grande City, Starr County, Texas, 78582, and is already before this Honorable Court.

Defendant, **JOHN BEE RINEHART**, an individual, is a nonresident of the State of Texas, whose last known address is P.O. Box. 331 Big Valley, AB T0J 0G0, Canada.  Said Defendant was a nonresident driver involved in a crash while operating a commercial motor vehicle on a public highway in Texas. Accordingly, Defendant is subject to

personal jurisdiction in the State of Texas in that he satisfies the requirements stated in the Texas Long Arm Statute. Defendant may be served with process by mailing duplicate copies of the process to: Ministry of Justice and Solicitor General Office of the Sheriff Civil Enforcement, 2nd Floor, 108th Street Building, 9942-108 Street, Edmonton, Alberta T5K 2J5, Canada, who may forward the citation with the petition attached thereto to John Bee Rinehart's last known address.

Defendant, **TRANSX LTD** a foreign, non-resident corporation, employed, directed or controlled its Co-Defendant's actions at all times relative hereto. Defendant TRANSX LTD is a Canadian corporation that does business in Texas. Defendant TRANSX LTD does not maintain a regular place of business or agent for service of process in Texas. Accordingly, Defendant is subject to personal jurisdiction in the state of Texas in that it satisfies the requirements stated in the Texas Long Arm Statute. Defendant may be served with process by mailing duplicate copies of the process to: Monitoba Department of Justice c/o Director of Legal Services, Suite 730 – 405 Broadway, Winnipeg, Manitoba, R3C 3L5 Canada, who may forward the citation with the petition attached thereto to Defendant's home or home office at 2595 Inkster Blvd. Winnipeg, MB R3C 2E6**.**

### III.   VENUE

Venue is proper in Starr County pursuant to Section 15.002a(2) of the Texas Civil Practices & Remedies Code in that Defendant, **NOE PENA,** is a natural person and Starr County is the county of Defendant, **NOE PENA'S,** residence at the time of the cause of action accrued.

### IV.   STATEMENT OF FACTS

On or about August 25, 2020, at approximately 6:08 p.m., Plaintiff, **TONY JAMES JONES** was driving, **and VANNA HAILE JONES** was a passenger in a 2018 Audi SUV. **TONY JAMES JONES and VANNA HAILE JONES** were traveling southbound on US

Highway 67 in Dawson County, Texas.  **TONY JAMES JONES** stopped his vehicle at a red light at the intersection of US Highway 67 and State Highway 349.

At or about the same time, Defendant, **NOE PENA** was driving a 2009 Ford F150 pickup truck southbound on US Highway 67 directly behind the Jones' 2018 vehicle. Defendant, **NOE PENA**, stopped too close behind the Jones' vehicle, not leaving an assured clear distance between his Ford F150 and the Jones' vehicle.

Also, at or about that time a **TRANSX LTD** 2019 Peterbilt being operated by **JOHN BEE RINEHART**, did not stop for the red light and crashed into the rear of **NOE PENA**'s vehicle.  As a result, **NOE PENA**'s 2009 Ford F150 struck the Jones' vehicle, then the **TRANSX LTD** 2019 Peterbilt also struck the Jones' vehicle.  Said impacts resulted in the injuries and damages to Plaintiffs as hereinafter more fully set forth.

## V.      NEGLIGENCE OF NOE PENA

At the time and on the occasion in question, **NOE PENA** failed to use ordinary care in one or more of the following particulars:

        a)      He failed to keep a proper lookout;

        b)      He failed to timely apply his brakes; and

        c)      He failed to keep an assured clear distance between his vehicle and the vehicle in front of him.

One or more of the above acts and / or omissions constitutes negligence and as such was a proximate cause of the collision in question.

## VI.      NEGLIGENCE PER SE OF NOE PENA

Moreover, Plaintiffs would show that, at the time of the incident in question, **NOE PENA** violated the TEXAS TRANSPORTATION CODE in at least one or more of the following ways:

EXHIBIT C

a)      Failing to maintain an assured clear distance between two vehicles, a violation of §5545.062(a);

At all times material to this cause of action, Plaintiffs belonged to that class of persons for whom said statutes were enacted to protect. **NOE PENA'S** failure to adhere to the strict standards set forth by said statutes and/or regulations constitutes *negligence per se*. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## VII.   NEGLIGENCE OF JOHN BEE RINEHART

At the time and on the occasion in question, Defendant, **JOHN BEE RINEHART**, failed to use ordinary care in one or more of the following particulars:

a)      He failed to keep a proper lookout;

b)      He failed to timely apply his brakes;

c)      He failed to control his speed;

d)      He failed to see far enough ahead to appreciate that traffic was stopped or stopping;

e)      He failed to look for road conditions to determine that traffic was stopped or stopping;

f)      He was distracted in that he took his eyes off of the traffic ahead of him while reaching for a beverage; and

g)      He failed to stop at an official traffic control device in violation of Sec. 545.151 of the Texas Transportation Code.

One or more of the above acts and/or omissions constitutes negligence and as such was a proximate cause of the collision in question.

## VIII.   NEGLIGENCE PER SE OF JOHN BEE RINEHART

Moreover, Plaintiffs would show that, at the time of the incident in question, Defendant, **JOHN BEE RINEHART**, violated the TEXAS TRANSPORTATION CODE in at least one or more of the following ways:

EXHIBIT C

a) Failing to drive at an appropriate reduced speed when a special hazard existed with regard to traffic in direct violation of §545.351(a), (b)(1)&(5), (c)(1).

b) Operating a motor vehicle in a willful or wanton disregard for the safety of others, a violation of §545.401; and

c) Failing to stop at an official traffic control device in violation of Sec. 545.151 of the Texas Transportation Code.

At all times material to this cause of action, **TONY JAMES JONES and VANNA HAILE** belonged to that class of persons for who said statutes were enacted to protect. Defendant, **JOHN BEE RINEHART'S** failure to adhere to the strict standards set forth by said statutes and/or regulations constitutes *negligence per se*. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

## IX.   NEGLIGENCE OF TRANSX LTD.

At the time and on the occasion in question, Defendants, **TRANSX LTD,** failed to use ordinary care in one or more of the following particulars:

a) Hiring a driver that was not qualified in accordance with the Federal Motor Carrier Safety Regulations, including and not limited to §385.5; 391.11; 391.23; and

b) Entrusting a commercial motor vehicle to an unqualified and untrained driver.

Defendant, **TRANSX LTD,** had the duty to hire, supervise, and retain competent employees; Defendant, **TRANSX LTD,** breached that duty; and Defendant, **TRANSX LTD's** breach of that duty proximately caused the damages sustained by Plaintiffs.

Defendant, **TRANSX LTD,** hired an incompetent or unfit employee, **JOHN BEE RINEHART,** whom it knew or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others.

Further, Defendant, **TRANSX LTD,** failed to train and supervise Defendant, **JOHN BEE RINEHART,** in the use of the motor vehicle to which it had entrusted to Defendant, **JOHN BEE RINEHART.**

This failure to train and supervise was a proximate cause of the damages sustained by Plaintiffs.

After a reasonable employer would have determined that Defendant, **JOHN BEE RINEHART,** was a dangerous and unfit driver, Defendant, **TRANSX LTD,** retained Defendant, **JOHN BEE RINEHART** and continued to provide him with a motor vehicle.

The negligent retention of Defendant, **JOHN BEE RINEHART,** by Defendant, **TRANSX LTD,** was a proximate cause of the injuries to Plaintiffs.

One or more of the above acts and/or omissions constitutes negligence and as such was a proximate cause of the collision in question

## X.     RESPONDEAT SUPERIOR

Plaintiffs allege that at the time of the collision made the basis of this lawsuit and at all material times hereto, **JOHN BEE RINEHART**, was acting within the course and scope of his employment and in the furtherance of the business interest of Defendant, **TRANSX LTD.**

Further, Defendant, **TRANSX LTD** had the right to direct the details of the work being performed by Defendant, **JOHN BEE RINEHART** and not merely the result accomplished.

Defendant, **JOHN BEE RINEHART** submitted himself to the control of Defendant, **TRANSX LTD** with respect to the details of his work, and Defendant, **JOHN BEE RINEHART**, at the time of the collision in question, represented the will of Defendant, **TRANSX LTD** as to the result of his work.

In this regard, Plaintiffs invoke the doctrine of Respondeat Superior and alleges that each negligent act and/or omission on the part of **TRANSX LTD**, as well as Defendant's other agents, servants, and employees is imputed to the Defendant and that the Defendant is vicariously liable for all negligent acts and/or omissions alleged herein to have been perpetrated by Defendant, **JOHN BEE RINEHART**, and/or its, agents, servants and employees.

## XI.   GROSS NEGLIGENCE

At the time of the incident, Defendant, **JOHN BEE RINEHART,** operated the vehicle with reckless disregard of the rights of others and the incident was the result of **JOHN BEE RINEHART's** conscious indifference to the rights, welfare and safety of other motorists, pedestrians and other persons.

**JOHN BEE RINEHART** operated the 2019 Peterbilt at a speed that was too fast in order for him to stop in time before crashing into the back of Plaintiffs.

**JOHN BEE RINEHART** operated the 2019 Peterbilt while distracted in that he was reaching for a beverage taking his eyes off the road not seeing what traffic was stopping ahead of him.

**JOHN BEE RINEHART** operated the 2019 Peterbilt while distracted in that he was reaching for a beverage taking his eyes off the road not seeing that the traffic light turned from green to red ahead of him.

The gross negligence of Defendant, **JOHN BEE RINEHART,** was a proximate cause of the damages suffered by Plaintiffs and therefore, Plaintiffs are entitled to recover exemplary damages pursuant to Texas Practice and Remedies Code § 41.003(a).

## XII.   DAMAGES

As a direct result of the collision in question, Plaintiff, **TONY JAMES JONES** sustained serious injuries to his head, neck and back.  By reason of these injuries, Plaintiff,

**TONY JAMES JONES**, has suffered physical pain and mental anguish which continues to the present time and which will, in all probability, continue indefinitely into the future. Plaintiff experienced physical disfigurement in the past.  Further, Plaintiff has sustained physical impairment in the past and will, in all probability, sustain the same in the future.

Plaintiff, **TONY JAMES JONES**, has been required to expend sums of money for reasonable and necessary hospital care, doctors and nurses, and others engaged in the healing arts, and Plaintiff will, in all reasonable probability, be required to expend additional sums of money for medical expenses in the future.

Plaintiff has experienced lost wages in the past, and Plaintiff will, in all reasonable probability, experience a loss of earning capacity in the future.

As a direct result of the collision in question, Plaintiff, **VANNA HAILE JONES**, sustained serious injuries to her head, neck and back.  By reason of these injuries, Plaintiff, **VANNA HAILE JONES**, has suffered physical pain and mental anguish which continues to the present time and which will, in all probability, continue indefinitely into the future. Plaintiff experienced physical disfigurement in the past.  Further, Plaintiff has sustained physical impairment in the past and will, in all probability, sustain the same in the future.

Plaintiff, **VANNA HAILE JONES**, has been required to expend sums of money for reasonable and necessary hospital care, doctors and nurses, and others engaged in the healing arts, and Plaintiff will, in all reasonable probability, be required to expend additional sums of money for medical expenses in the future.

Plaintiff has experienced lost wages in the past, and Plaintiff will, in all reasonable probability, experience a loss of earning capacity in the future.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel

states that Plaintiffs seek monetary relief, the maximum of which is over $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### XIII.   RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

### XIV.   REQUEST FOR DISCLOSURE

Pursuant to the provisions of TEX. R. CIV. P. 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information and material described in TEX. R. CIV. P. 194.2 (a)-(l).

### XV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to answer this Petition; that upon final hearing hereof, they have judgment against Defendants for damages in an amount appropriate and consistent with Plaintiffs' losses and injuries, for pre-judgment and post judgment interest, costs of court, and for such other and further relief to which they may prove themselves justly entitled, at law or in equity.

Respectfully submitted,

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas   76902
325/653-6866
FAX 325/655-1250

BY     /s/ Carlos Rodriguez
    **CARLOS RODRIGUEZ**
    State Bar No. 24041804
    crod@webbstokessparks.com
    **MARY NOEL GOLDER**
    State Bar No. 08089700
    mngolder@webbstokessparks.com
    **SARANEIL STRIBLING**
    State Bar No. 24095496
    sstribling@webbstokessparks.com

       AND

Law Offices of Donato D. Ramos, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Rd. (78041)
P.O. Box 452009
Laredo, Texas 78045
Telephone: (956) 722-9909
Facsimile: (956) 727-5884

**Donato D. Ramos, Jr.**
SBN: 24041744
donatoramosjr@ddrlex.com

ATTORNEYS FOR PLAINTIFF

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14 th day of January, 2021 a true and correct copy of the foregoing instrument was duly served on attorney for Defendant, to-wit:

*<u>Via efile:</u>*
Ray R. Ortiz
Brenda Montoya
ORTIZ & BATIS, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas, 78216

*Counsel for Defendant, Noe Pena*


/s/ Carlos Rodriguez
_____
**OF COUNSEL**

Filed: 1/26/2021 11:22 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Dulce Morin

# WEBB, STOKES & SPARKS, L.L.P.

### ATTORNEYS AT LAW

Aubrey D. Stokes (1921-1990)
Tom Webb (1926-1996)
Sam D. Sparks (1944-2020)
*✦Max Parker
*✦Guy D. Choate
*✦Mary Noel Golder
*Carlos Rodriguez
SaraNeil Stribling

314 West Harris
—
P.O. Box 1271
San Angelo, Texas 76902
(325) 653-6866

Fax (325) 655-1250

mparker@webbstokessparks.com
gdchoate@webbstokessparks.com
mngolder@webbstokessparks.com
crod@webbstokessparks.com
sstribling@webbstokessparks.com

* BOARD CERTIFIED
  PERSONAL INJURY TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
✦ NATIONAL BOARD OF TRIAL ADVOCACY

January 25, 2021

*Via Email:ray@ob-lawpc.com*
Ray R. Ortiz
Brenda Montoya
ORTIZ & BATIS, PC
10100 Reunion Place, Suite 600
San Antonio, Texas 78216

> **RE:** **Cause No. DC-20-443; Tony James Jones and Vanna Haile Jones v. Noe Pena; 381st District Court of Starr County, Texas**

Dear Mr. Ortiz:

Per our email exchange this afternoon, we have mutually agreed to extend the deadline for Plaintiff's Responses to Requests for Disclosure. Plaintiff's responses are now due February 16, 2021.

Please indicate with your signature below, to memorialize our agreement.

Thank you for your courtesy and cooperation in this matter.

Sincerely,

**WEBB, STOKES & SPARKS, L.L.P.**

*SaraNeil Stribling*

**SARANEIL STRIBLING**

Ray R. Ortiz

Filed: 1/29/2021 2:01 PM
Orlando Velasquez, District Clerk
Starr County, Texas
Ana Martinez

**EXHIBIT C**

# WEBB, STOKES & SPARKS, L.L.P.

ATTORNEYS AT LAW

Aubrey D. Stokes (1921-1990)
Tom Webb (1926-1996)
Sam D. Sparks (1944-2020)
*✦Max Parker
*Guy D. Choate
*✦Mary Noel Golder
*Carlos Rodriguez
SaraNeil Stribling

314 West Harris
—
P.O. Box 1271
San Angelo, Texas 76902
(325) 653-6866

Fax (325) 655-1250

mparker@webbstokessparks.com
gdchoate@webbstokessparks.com
mngolder@webbstokessparks.com
crod@webbstokessparks.com
sstribling@webbstokessparks.com

\* BOARD CERTIFIED
   PERSONAL INJURY TRIAL LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION
✦ NATIONAL BOARD OF TRIAL ADVOCACY

January 29, 2021

*Via E-file:*
Orlando Velasquez
District Clerk
401 N. Britton Avenue, Room 304
Rio Grande City, Texas    78582
Starr County, TX

> ***Cause No. DC-20-443 in the 381st District Court of Starr County, Texas;***
> ***Tony James Jones and Vanna Haile Jones vs. Noe Pena***

Dear Mr. Velasquez,

Please issue Citations for each of the following Defendants in the above referenced cause:

1. **John Bee Rinehart**
   **P.O. Box 331**
   **Big Valley, AB   T0J 0G0**

2. **TRANSX LTD**
   **2595 Inkster Blvd.**
   **Winnipeg, MB R3C 2E6**

Please return the Citations to me via e-mail to khooker@webbstokessparks.com, or if that is not possible, please mail to the above address.   We will then forward the Citations to the proper agencies, along with copies of our Amended Petition, for service of process in Canada.

Thank you for your assistance in this matter.

Sincerely,

**WEBB, STOKES & SPARKS, LLP**

/s/ Karen Hooker

Karen Hooker, Legal Assistant to
CARLOS RODRIGUEZ and
SARANEIL STRIBLING

**EXHIBIT C**

No. **DC-20-443**

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **VS.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| | § | |
| **NOE PENA** | § | **381st JUDCIAL DISTRICT** |

**PLAINTIFFS TONY JAMES JONES AND VANNA HAILE JONES' NOTICE OF FILING RECORDS AND AFFIDAVITS**

TO ALL COUNSEL:

>Ray R. Ortiz
>Brenda Montoya
>ORTIZ & BATIS, P.C.
>10100 Reunion Place, Suite 600
>San Antonio, Texas, 78216

COMES NOW, **TONY JAMES JONES AND VANNA HAILE JONES**, Plaintiffs

herein, and file the official records from the following regarding Plaintiffs:

1. Medical bill of Medical Arts Hospital and EMS by Affidavit dated October 14, 2020 in regard to **Tony Jones**, previously provided as **B-000019-000021**.

2. Medical bill of Shannon Medical Center by Affidavit dated January 11, 2021 in regard to **Tony Jones**, previously provided as **B-000010-000018**.

3. Medical bill of Shannon Clinic by Affidavit dated January 21, 2021 in regard to **Tony Jones**, previously provided as **B-000002-000009**.

4. Medical bill of High Plains Radiological Association by Affidavit dated December 21, 2020 in regard to **Tony Jones**, previously provided as **B-000022-000023**.

5. Medical bill of Medical Arts Hospital by Affidavit dated October 14, 2020 in regard to **Vanna Jones**, previously provided as **B-000025-000026**.

6. Updated Medical bill of Shannon Medical Center by Affidavit dated March 16, 2021 in regard to **Vanna Jones**, provided as **B-000071-000094**.

7. Updated Medical bill of Shannon Clinic by Affidavit dated March 22, 2021 in regard to **Vanna Jones**, provided as **B-000095-000132**.

8.     Medical bill of Neuro Vision Associates of North Texas by Affidavit dated March 16, 2021 in regard to **Vanna Jones**, provided as **B-000133-000134.**

9.     Medical bill of Concord Medical Group/Medical Arts ER Physicians by Affidavit dated January 27, 2021 in regard to **Vanna Jones**, provided as **B-000135-000136.**

10.     Medical bill of High Plains Radiological Association by Affidavit dated November 5, 2020 in regard to **Vanna Jones**, previously provided as **B-000064-000065**.

11.     Medical bill of SimonMed Imaging by Affidavit dated March 17, 2021 in regard to **Vanna Jones,** provided as **B- 000137-000138.**

12.     Updated Medical bill of Wright Chiropractic by Affidavit dated February 9, 2021, in regard to **Vanna Jones**, provided as **B-000139-000141**.

The Court and all parties are advised that said documents are being filed with the Court with Affidavit attached hereto, for the purposes of their admission into evidence at the time of trial pursuant to the applicable sections of Rules 803(6), 803(7), and 902(10) of the Texas Rules of Evidence and §18.001 of the Tex. Civ. Pract. & Remedies Code.

Respectfully submitted,

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas   76902
325/653-6866
FAX 325/655-1250

BY

**CARLOS RODRIGUEZ**
State Bar No. 24041804
crod@webbstokessparks.com
**MARY NOEL GOLDER**
State Bar No. 08089700
mngolder@webbstokessparks.com
**SARANEIL STRIBLING**
State Bar No. 24095496
sstribling@webbstokessparks.com

AND

Law Offices of Donato D. Ramos, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Rd. (78041)
P.O. Box 452009

*Plaintiffs' Notice of Filing Affidavits & Records*

**EXHIBIT C**

Laredo, Texas 78045
Telephone: (956) 722-9909
Facsimile: (956) 727-5884

**Donato D. Ramos, Jr.**
SBN: 24041744
donatoramosjr@ddrlex.com

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25 day of *March*, 2021 a true and correct copy of the foregoing instrument was duly served on attorney for Defendant, to-wit:

*<u>Via E-file:</u>*
Ray R. Ortiz
Brenda Montoya
ORTIZ & BATIS, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas, 78216

*<u>Via E-file:</u>*
Law Offices of Donato D. Ramos, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Rd. (78041)
P.O. Box 452009
Laredo, Texas 78045

OF COUNSEL

*Plaintiffs' Notice of Filing Affidavits & Records*

Filed: 3/29/2021 4:37 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

**EXHIBIT C**

## CERTIFICATE
### ATTESTATION

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

☑ **1. that the document has been served\***
*que la demande a été exécutée\**

| | |
|---|---|
| **— the (date) / le (date):** | March 9 / 2021 at 2:55 p.m |
| **— at (place, street, number):** *à (localité, rue, numéro) :* | 2595 Industry Blvd, Winnipeg, MB, Canada |

| **— in one of the following methods authorised by Article 5:** *dans une des formes suivantes prévues à l'article 5 :* | |
|---|---|
| ☑ **a)** | **in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\*** *selon les formes légales (article 5, alinéa premier, lettre a))\** |
| ☐ **b)** | **in accordance with the following particular method\*:** *selon la forme particulière suivante\* :* |
| ☐ **c)** | **by delivery to the addressee, if he accepts it voluntarily\*** *par remise simple\** |

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à :*

| | |
|---|---|
| **Identity and description of person:** *Identité et qualité de la personne :* | James Zacharias admitted to be Vice President of Trans X Ltd. provided MB DL# A-CH-AW5362 04 |
| **Relationship to the addressee (family, business or other):** *Liens de parenté, de subordination ou autres, avec le destinataire de l'acte :* | I personally served James Zacharias Vice President of Trans X Ltd. |

☐ **2. that the document has not been served, by reason of the following facts\*:**
*que la demande n'a pas été exécutée, en raison des faits suivants\*:*

☐ **In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.**
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\*.*

*Annexes / Annexes*

| **Documents returned:** *Pièces renvoyées :* | |
|---|---|
| **In appropriate cases, documents establishing the service:** *Le cas échéant, les documents justificatifs de l'exécution :* \* if appropriate / s'il y a lieu | |

| **Done at / Fait à** Winnipeg, MB, Canada | **Signature and/or stamp** *Signature et / ou cachet* |
|---|---|
| **The / le** March 10 / 2021 | Ranish |

EXHIBIT C

Case 7:21-cv-00132 Document 1-31 Filed on 04/01/21 in TXSD Page 30 of 117

Filed 4/1/2021 5:18 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Dulce Morin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| TONY JAMES JONES AND | ) | |
| VANNA HAILE JONES | ) | |
|     PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION NO.** |
|   V. | ) | |
| | ) | |
| NOE PENA | ) | |
|     DEFENDANT | ) | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant TRANSX, LTD. ("TransX"), timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing this action from the 381st District Court of Starr County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and in support thereof shows as follows:

## INTRODUCTION

1.  Plaintiffs Tony James Jones and Vanna Haile Jones (collectively, "Plaintiffs") commenced this lawsuit against Defendant Noe Pena ("Pena") in the 381st District Court of Starr County, Texas, by filing their Original Petition on or about November 24, 2020. A true and correct copy of the Original Petition is attached hereto as Exhibit "1." Plaintiff served the Original Petition on Defendant Pena on or around December 4, 2020. A true and correct copy of the Service of Process on Pena is attached as Exhibits "2" and "3."

2.  Plaintiffs filed their First Amended Petition on or about January 14, 2021 adding defendants TransX and John Bee Rinehart ("Rinehart") as parties. A true and correct copy of the Amended Petition is attached hereto as Exhibit "5." Plaintiff served the First Amended Petition on Defendant TransX, Ltd. on or around March 9, 2021. A true and correct copy of the Service

EXHIBIT C

of Process is attached hereto as Exhibit "6"

3.      Defendant Rinehart has not been served.

4.      Defendant TransX, is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs' First Amended Petition as required by 28 U.S.C. § 1446(b).

5.      Plaintiffs seek to recover damages in this lawsuit based on allegations of negligence resulting from the alleged actions of Defendants. Plaintiffs' claims arise from a motor vehicle collision that occurred in Dawson County, Texas.

### JURSIDICTION & REMOVAL

6.      In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

7.      The Court should not consider the citizenship of Defendant Noe Pena for purposes of this removal because he has been improperly joined to this case. Under the well-established law of this Circuit, the citizenship of a non-diverse party who has been improperly joined to a suit solely to defeat diversity jurisdiction should be disregarded when ascertaining whether a federal court has subject matter jurisdiction under 28 U.S.C. § 1332. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). A defendant is improperly joined when there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state, non-diverse defendant on the claims pleaded in state court. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

8.      Here, Plaintiffs' petition contains insufficient and misrepresented factual allegations to support a cause of action against Defendant Pena. *See Sohmer v. Am. Med. Sec., Inc.*, CIV.A. 3:02-CV-1680-, 2002 WL 31323763, at \*2-3 (N.D. Tex. Oct. 15, 2002).   The only causes of action against Defendant Pena are for negligence and negligence for violation of the Texas Transportation Code. Specifically, Plaintiffs' claim Pena failed to keep a proper lookout, failed to timely apply his brakes, and failed to keep an assured clear distance between his vehicle and the vehicle in front of him. Further, Plaintiffs allege Pena violated section 545.062(a) of the Texas Transportation Code for failing to maintain an assured clear distance between two vehicles so the operator can safely stop without colliding with the preceding vehicle. Plaintiff concedes that Pena was fully stopped in his 2009 F-150 behind Plaintiffs' vehicle at the intersection when Pena was struck in the rear by the 2019 Peterbilt operated by Rinehart. Pena cannot be negligent for failing to timely apply his brakes, keep a proper lookout or for following too closely when his vehicle is not in motion and safely stopped behind Plaintiff. Plaintiff pleads no supporting facts of Pena's negligent acts when he was at a complete stop at the time of impact.

9.      Plaintiffs also misrepresented the facts regarding Pena's F-150 striking Plaintiffs' vehicle. Extensive pre-suit investigation was undertaken by all parties involved. The vehicles were visually inspected and data from the electronic control modules were retrieved from Plaintiffs' and Defendant Pena's vehicles. The physical evidence and electronic crash data conclusively show that Pena's F-150 never impacted Plaintiffs' vehicle. At the time of the collision, Plaintiffs' vehicle was accelerating and partially through the intersection while Defendant Pena was still stopped. Accordingly, Defendant Pena has been improperly joined, and his citizenship should be disregarded for jurisdictional purposes.

10.     Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiffs, Tony James

Jones and Vanna Haile Jones are residents and citizens of the State of Texas who reside in Tom Green County, Texas. Defendant, Jacob Heinrichs is a resident and citizen of the Province of Alberta, Canada who resides in Big Valley, Alberta, Canada. Defendant, TransX, Ltd.is a corporation under the laws of Manitoba with its principal place of business in Winnipeg, Manitoba, Canada and is therefore a citizen of Manitoba, Canada.

11.    Plaintiff is seeking relief pursuant to Texas Rule of Procedure 47, in an amount of over ONE MILLION ($1,000,000.00) DOLLARS. The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interest and costs, based on Plaintiffs' claims for damages in paragraph 9 of Plaintiffs' Amended Petition in the State Court Proceeding.  *See* Exhibit "5". Even if Plaintiffs have not already pled themselves above the minimum amount needed for diversity jurisdiction, it is clear the types of damages they are seeking, when considered jointly, put them well above the jurisdictional minimum. Taking all of the allegations together, Defendant TransX has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.

12.    For these reasons, Defendant TransX believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00.

13.    This case is properly removed to this Court under 28 U.S.C. §§ 1441 as the state court action is pending in the 381st District Court of Starr County, Texas.

14.    Plaintiffs, filed a demand for a jury trial in the State Court Proceeding.  *See* Exhibit "1".

## **COMPLIANCE WITH 28 U.S.C. §1446(a) AND LOCAL RULE 81**

15.    In accordance with 28 U.S.C. §1446(a), attached hereto are (i) an index of all matters filed in this case; (ii) a copy of all executed process in the case; (iii) a copy of all pleadings filed in the State Court Proceedings arranged in chronological order; (iv) a copy of the state court

**EXHIBIT C**

docket sheet; and, (v) a list of all parties, their respective counsel and court information. *See* Exhibit "6".

<u>**NOTICE TO STATE COURT**</u>

16.　　Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Notice of Removal will be given to the 381st Judicial District Court of Starr County, Texas, promptly after the filing of this Notice of Removal, and to counsel of record for all parties.

　　　　WHEREFORE, Defendants hereby effectuate a removal of this cause to this Honorable Court and pray that such removal be entered on the docket of this Court.

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　SHEEHY, WARE & PAPPAS, P.C.

　　　　　　　　　　　　*/s/ George P. Pappas*
　　　　　　　　　　　　George P. Pappas
　　　　　　　　　　　　Fed. Adm. No. 2905
　　　　　　　　　　　　State Bar of Tex. No.: 15454800
　　　　　　　　　　　　909 Fannin, Suite 2500
　　　　　　　　　　　　Houston, Texas 77010-1008
　　　　　　　　　　　　(713) 951-1010 (Telephone)
　　　　　　　　　　　　(713) 951-1199 (Facsimile)
　　　　　　　　　　　　E-mail: gpappas@sheehyware.com

　　　　　　　　　　　　**ATTORNEY IN CHARGE**
　　　　　　　　　　　　**FOR DEFENDANT TRANSX LTD.**

OF COUNSEL:
Brian S. O'Rear
Fed. Adm. No. 2524973
State Bar No. SBN 24092915
Sheehy, Ware & Pappas, PC
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Telephone:  (713) 951-1000
Facsimile:  (713) 951-1199
**borear@sheehyware.com**

EXHIBIT C

## <u>CERTIFICATE OF SERVICE</u>

      Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record on the 12th day of April 1, 2021 by fax, email and/or electronic service.

| | |
|---|---|
| Carlos Rodriguez<br>Mary Noel Golder<br>Saraneil Stribling<br>Webb, Stokes & Sparks, L.L.P.<br>P.O. Box 1271<br>San Angelo, Texas 76902<br>T: 325-653-6866<br>F: 325-655-1250<br>crod@webbstokessparks.com<br>mngolder@webbstokessparks.com<br>sstribling@webbstokessparks.com<br><br>      AND<br><br>Donato D. Ramos, Jr.<br>Law Office of Donato D. Ramos, P.L.L.C.<br>Texas Community Bank Bldg., Suite 350<br>6724 McPherson Rd. (78041)<br>Laredo, Texas 78045<br>T: 956-722-9909<br>F: 956-727-5884<br>donatoramosjr@ddrlex.com<br><br>**ATTORNEYS FOR TONY JAMES JONES<br>and VANNA HAILE JONES** | Ray R. Ortiz<br>Brenda Montoya<br>ORTIZ & BATIS, P.C.<br>10100 Reunion Place, Suite 600<br>San Antonio, Texas 78216<br>T: 210-344-3900<br>F: 210-366-4301<br>ray@ob-lawpc.com<br>brenda@ob-lawpc.com<br>rrosupport@ob-lawpc.com<br><br>**ATTORNEYS FOR NOE PENA** |

_____
George P. Pappas

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| **TONY JAMES JONES AND** | ) |
| **VANNA HAILE JONES** | ) |
| **PLAINTIFF,** | ) |
| | )    **CIVIL ACTION NO.** |
| **V.** | ) |
| | ) |
| **NOE PENA** | ) |
| **DEFENDANT** | ) |

**NOTICE OF REMOVAL** –
**INDEX OF MATTERS BEING FILED**

| NO. | DOCUMENT | DATE FILED |
|---|---|---|
| 1. | Plaintiff's Original Petition | November 24, 2020 |
| 2. | Citation to Noe Pena | November 25, 2020 |
| 3. | Service of Process Noe Pena | December 7, 2020 |
| 4. | Original Answer Noe Pena | December 28, 2020 |
| 5. | Plaintiff's First Amended Petition | January 14, 2021 |
| 6. | Service of Process TransX, Ltd. | March 9, 2021 |
| 7. | Parties, Counsel and Court Information Pursuant to LR 81 | April 1, 2021 |
| 8 | State Court Docket Sheet | April 1, 2021 |
| | | |

Filed: 4/5/2021 1:67 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

## *DOCKET SHEET*

**CARLOS RODRIGUEZ**
*State Bar No. 24041804*
*crod@webbstokessparks.com*
**MARY NOEL GOLDER**
*State Bar No. 08089700*
*mngolder@webbstokessparks.com*
**SARANEIL STRIBLING**
*State Bar No. 24095496*
*sstribling@webbstokessparks.com*
**Donato D. Ramos, Jr.**
*SBN: 24041744*
*donatoramosjr@ddrlex.com*
*ATTORNEYS FOR PLAINTIFF / JURY REQUEST*

*Ray R. Ortiz*
*Brenda Montoya*
*ray@ob-lawpc.com*
*brenda@ob-lawpc.com*
*rrosupport@ob-lawpc.com*
*10100 Reunion Place, Suite 600*
*San Antonio, Texas 78216*
*(210) 344-3900 Telephone (210) 366-4301 Facsimile*
**COUNSEL FOR DEFENDANT, NOE PENA**


*DC-20-443*
**TONY JAMES JONES AND VANNA HAILE JONES**
*VS.*
**NOE PENA**


*************************************************************************************

*04/01/2021     DEFENDANT TRANSX, LTD.'S NOTICE TO STATE COURT AND ALL*
*OTHER PARTIES OF FILING OF NOTICE OF REMOVAL*

**EXHIBIT C**

Filed: 7/13/2021 2:38 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

CAUSE NO. DC-20-443

| | | |
|---|---|---|
| Tony James **JONES** and <br> Vanna Haile **JONES**, <br><br>        *plaintiffs*, <br><br> *v.* <br><br> Noe **PEÑA**, <br><br>        *defendant/cross-plaintiff*, <br><br> *v.* <br><br> **TRANSX, LTD.**, and John Bee **RINEHART**, <br><br>        *defendants/cross-defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **381ST JUDICIAL DISTRICT COURT** <br><br> **STARR COUNTY, TEXAS** |

### DEFENDANT/CROSS-PLAINTIFF NOE PEÑA'S CROSS-CLAIM

Defendant/Cross-Plaintiff Noe **PEÑA** complains of Cross-Defendants **TRANSX, LTD.**, and John Bee **RINEHART** and states the following causes of action:

### *Discovery Control Plan*

**1.**     Discovery should be conducted under Discovery Control Plan Level 3.

### *Parties*

### plaintiffs

**2.**     Plaintiff Tony James **JONES** is an adult resident of San Angelo, Tom Green County, Texas.

**3.**     Plaintiff Vanna Haile **JONES** is an adult resident of San Angelo, Tom Green County, Texas.

### defendant/cross-plaintiff

**4.**     Defendant/Cross-Plaintiff Noe **PENA** is an adult resident of Rio Grande City, Starr County, Texas.  Mr. Peña has appeared in this cause in his capacity as a defendant.

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 1 of 21 pgs.

38

5.      Cross-Defendant, **TRANSX, LTD.** ("TransX"), is a Canadian corporation that does business in Texas.  TransX has appeared in this case.  Therefore, no further service of process as to TransX is requested or required.

6.      Cross-Defendant John Bee **RINEHART** is an adult resident of Big Valley (Alberta), Canada.  Mr. Rineheart appeared in this case during the time that this case was pending in the McAllen Division of the United States District Court for the Southern District of Texas.  Therefore, no further service of process as to Mr. Rinehart is requested or required.

### *Jurisdiction and Venue*

7.      Mr. Peña seeks monetary relief over $1,000,000.00, and the damages sought are within the jurisdictional limits of this Court.

8.      Venue of this action is proper in Starr County because Mr. Peña was a resident of Starr County at the time that Plaintiffs' and Mr. Peña's causes of action accrued.

### *Statement of Facts*

9.      TransX is a commercial motor carrier and operates a fleet of trucks that traverse the Texas roadways.  Prior to August 25, 2020, TransX qualified Mr. Rinehart as a driver and, at relevant times, so employed him.  TransX then entrusted Mr. Rinehart with one of its tractors, a 2019 Peterbilt (VIN: 1XPBDP9X4KD615232), which was paired with a TransX-owned 2013 trailer (VIN: 1UYVS2531DU714203)(collectively, the "TransX Truck").

10.     On or about August 25, 2020, Mr. Peña was driving his 2009 Ford F-150 pick-up truck south on U.S. Highway 67 in Dawson County, Texas.  He came to a stop at a red light at the intersection with State Highway 349.  In front of Mr. Peña and also stopped at the red light were the Jones Plaintiffs in their Audi SUV.  Mr. Rinehart, who was driving the TransX Truck while in the course and scope of his employment by TransX and in furtherance of TransX's business interests, also was driving south on U.S. Highway 67, behind Mr. Peña.  As Mr. Rinehart approached the red light and the intersection with State Highway 349, he failed to reduce his speed and to stop.  Instead, he slammed into the rear of Mr. Peña's pick-up truck.  Among other injuries, Mr. Peña suffered a fractured spine in the collision, rendering him paralyzed.  Mr. Peña's pick-up truck was a total loss.

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 2 of 21 pgs.

39

### *Damages*

11.     As a result of the crash, Mr. Peña has sustained actual damages for his past and future physical pain and mental anguish, past and future physical impairment, past lost income and loss of future earning capacity, past and future disfigurement, and past and future medical care expenses. In addition, he suffered property damages for the loss of his pick-up truck.

### *Causes of Action*

### negligence

12.     Rinehart's conduct in crashing the TransX Truck into the Peña vehicle was negligent under Texas law in at least the following particulars: (1) driving in willful or wanton disregard for the safety of persons and property, (2) failing to keep a proper lookout, (3) failing to properly and/or timely apply brakes, (4) failing to maintain proper control of his vehicle, (5) failing to turn his vehicle to avoid a collision, (6) failing to give proper warning of an impending collision, (7) failing to obey a traffic signal, (8) driving at an unsafe speed in light of the conditions, and (9) failing to maintain a proper distance from other traffic.  Such negligent conduct proximately caused Peña's damages.  As such, Rinehart is liable to Peña for those damages.

13.     TransX was negligent with respect to its hiring, supervising, and training of Rinehart. TransX also was negligent with respect to its maintenance of the TransX Truck, particularly its brakes.  Such negligence is actionable under Texas law and proximately caused Peña's damages, for which damages TransX is liable to Peña.

### vicarious liability - *respondeat superior*

14.     Rinehart's above-described conduct constitutes negligence under Texas law that proximately caused Peña's damages.  Such conduct also was done while Rinehart was acting in the scope of his employment by TransX and in furtherance of its business.  Therefore, under the doctrine of *respondeat superior*, TransX is liable to Peña for his damages.

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 3 of 21 pgs.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Cross-Plaintiff Noe Peña requests that he have judgment against Defendants/Cross-Defendants TransX, Ltd., and John Bee Rinehart, jointly and severally, in an amount in excess of $1,000,000.00 for all of his above-described actual damages, including all lawful pre-judgment and post-judgment interest at the maximum legal rate and costs of court.  Mr. Peña further requests all other relief, at law or in equity, to which he may show himself to be justly entitled.

### JURY DEMAND

Having paid the jury fee of $40.00 to the Starr County Clerk, Mr. Peña demands a jury trial.

### REQUEST FOR DISCLOSURE

Cross-Defendants TransX, Ltd., and John Bee Rinehart are requested to disclose, within 50 days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(a)-(l).

### INTERROGATORIES TO TRANSX, LTD.

Pursuant to TEX. R. CIV. P. 197, Defendant/Cross-Plaintiff requests that Cross-Defendant TransX, Ltd., answer the following interrogatories.  Answers are due within 50 days from the date of service.

**INTERROGATORY NO. 1:**

Please state how you contend the collision in question occurred.

**ANSWER:**


**INTERROGATORY NO. 2:**

Please state the positions held, general job descriptions, and lengths of employment of John Bee Rinehart with your company.

**ANSWER:**


**INTERROGATORY NO. 3:**

Please state the full extent of any training, education, or experience concerning driving techniques or principles Cross-Defendant John Bee Rinehart has received by your company.

**ANSWER:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 4 of 21 pgs.

**INTERROGATORY NO. 4:**

Was Cross-Defendant John Bee Rinehart acting in the course and scope of his employment with TransX, Ltd., at the time of the collision made the basis of this lawsuit?  If you are contending that Cross-Defendant John Bee Rinehart was not acting in the course and scope of employment for TransX, Ltd., at the time of the collision, please state exactly why you are making such contention.

**ANSWER:**

**INTERROGATORY NO. 5:**

If the vehicle driven by Cross-Defendant John Bee Rinehart that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please list all traffic accidents in which Cross-Defendant John Bee Rinehart has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please give a description of all traffic violations for which Cross-Defendant John Bee Rinehart has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**ANSWER:**

**INTERROGATORY NO. 8:**

With respect to collisions or accidents involving one of TransX, Ltd.'s, vehicles and/or a driver employed by you or under contract with TransX, Ltd., please state:

|     |     |
| --- | --- |
| a. | When the driver is required to make a report and to whom; |
| b. | A description of any written report required to be made by any person with TransX, Ltd., and/or the driver; |
| c. | Where and in whose custody such reports are kept; |
| d. | When a driver must submit for a drug test by giving a urine sample; and |
| e. | When such report must be reported to the federal government. |

**ANSWER:**

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 5 of 21 pgs.

42

**INTERROGATORY NO. 9:**

Did Cross-Defendant John Bee Rinehart receive any citations or tickets as a result of the collision in question?  If so, what was the outcome?  If Cross-Defendant John Bee Rinehart paid the ticket, did John Bee Rinehart plead guilty?  In what court did John Bee Rinehart have to appear or call to resolve the citation or ticket?

**ANSWER:**

**INTERROGATORY NO. 10:**

Do you contend that someone other than Cross-Defendant John Bee Rinehart (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit?  If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**ANSWER:**

**INTERROGATORY NO. 11:**

Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit?  What facts gave rise to your subjective relief?

**ANSWER:**

**INTERROGATORY NO. 12:**

What does TransX, Ltd., do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations?  If TransX, Ltd., uses any type of computer program or third-party service to audit logs, please identify the program or service.

**ANSWER:**

**INTERROGATORY NO. 13:**

Does TransX, Ltd., use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers?  If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

**ANSWER:**

_____
*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 6 of 21 pgs.

EXHIBIT C

**INTERROGATORY NO. 14:**

For any cell phone used by or issued to Cross-Defendant John Bee Rinehart during the time period starting thirty (30) days before the wreck and ending seven (7) days after the wreck, please identify the cell phone carrier and the cell phone number.

**ANSWER:**

**INTERROGATORY NO. 15:**

Was their a video camera, including but not limited to, a dash-cam, cell phone video camera, i-pad video camera, and/or go-pro video camera, located inside of the cab of the TransX, Ltd. Truck at the time of the subject crash?  If so, was that camera functioning and where is that camera now located?

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify John Bee Rinehart's direct supervisor at the time of the Subject Crash, identify that person's current employer, and provide that person's last known contact information.

**ANSWER:**

**INTERROGATORY NO. 17:**

Did John Bee Rinehart file a claim for workers' compensation, seek any medical treatment, seek any mental health treatment, and/or counseling as a result of this crash?

**ANSWER:**

**INTERROGATORY NO. 18:**

Was Cross-Defendant/John Bee Rinehart distracted at the time of the crash?

**ANSWER:**

**INTERROGATORY NO. 19:**

Please state when the last time the brakes on the subject tractor were serviced?  Also state where the brakes were serviced.

**ANSWER:**

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 7 of 21 pgs.

**INTERROGATORY NO. 20:**

Did Cross-Defendant/John Bee Rinehart take any time off of work as a result of this crash?

**ANSWER:**

**INTERROGATORY NO. 21:**

Was Cross-Defendant/John Bee Rinehart disciplined in any way including but not limited to, a verbal warning, a written warning, required to undergo retraining, suspended from work, and or terminated?  If so, please describe.

**ANSWER:**

**INTERROGATORY NO. 22:**

Is Cross-Defendant/John Bee Rinehart still employed by TransX, Ltd? If not, when did he leave TransX Ltd., and why?

**ANSWER:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 8 of 21 pgs.

### INTERROGATORIES TO CROSS-DEFENDANT JOHN BEE RINEHART

Pursuant to TEX. R. CIV. P 197, Defendant/Cross-Plaintiff requests that Cross-Defendant John Bee Rinehart answer the following interrogatories.  Answers are due within 50 days from the date of service.

**INTERROGATORY NO. 1:**

Please state how you contend the collision in question occurred.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please list all traffic accidents in which you have been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please give a description of all traffic violations for which you have been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**ANSWER:**

**INTERROGATORY NO. 4:**

Did you receive any citations or tickets as a result of the collision in question?  If so, what was the outcome?  If you paid the ticket, did you plead guilty?  What court did you have to appear in or call to resolve the citation or ticket?

**ANSWER:**

**INTERROGATORY NO. 5:**

Do you contend that someone other than you (including but not limited to Defendant/Cross-Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit?  If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**ANSWER:**

_____
*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 9 of 21 pgs.

**INTERROGATORY NO. 6:**

For any cell phone used by or issued to you during the time period starting thirty (30) days before the wreck and ending seven (7) days after the wreck, please identify the cell phone carrier and the cell phone number.

**ANSWER:**

**INTERROGATORY NO. 7:**

Where were you coming from and where were you driving to at the time of the subject crash?

**ANSWER:**

**INTERROGATORY NO. 8:**

How much did the TransX, Ltd. Truck weigh at the time of the subject crash?

**ANSWER:**

**INTERROGATORY NO. 9:**

Was their a video camera, including but not limited to, a dash-cam, cell phone video camera, i-pad video camera, and/or go-pro video camera, located inside of the cab of the TransX, Ltd. Truck at the time of the subject crash?  If so, was that camera functioning and where is that camera now located?

**ANSWER:**

**INTERROGATORY NO. 10:**

Did you take any time off of work as a result of this crash? If so, for how long and why?

**ANSWER:**

**INTERROGATORY NO. 11:**

Did you file a claim for workers' compensation, seek any medical treatment, seek any mental health treatment, and/or counseling as a result of this crash?

**ANSWER:**

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 10 of 21 pgs.

47

EXHIBIT C

**INTERROGATORY NO. 12:**

Did you take any pictures at the scene or as a result of this crash?

**ANSWER:**


**INTERROGATORY NO. 13:**

Was any video taken of the crash and/or of the scene of the crash or crash vehicles by you or any device in your tractor?

**ANSWER:**


**INTERROGATORY NO. 14:**

Did you complete a company report of any type, including but not limited to, a crash report, incident report, time-off request, as a result of this crash?

**ANSWER:**


**INTERROGATORY NO. 15:**

Were you distracted at any time leading up to and/or during the crash sequence?  If so, please explain.

**ANSWER:**


**INTERROGATORY NO. 16:**

Are you still employed at TransX, Ltd.?  If not, why not?  If so, have your job responsibilities changes in any way?

**ANSWER:**


**INTERROGATORY NO. 17:**

Were you disciplined in any way, including but not limited to, a verbal warning, a written warning, required to undergo retraining, suspended from work, and or terminated?  If so, please describe.

**ANSWER:**


---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 11 of 21 pgs.

## REQUESTS FOR PRODUCTION TO ALL CROSS-DEFENDANTS

Pursuant to TEX. R. CIV. P. 196, Defendant/Cross-Plaintiff requests that, within 50 days from the time of service, Cross-Defendants TransX, Ltd., and John Bee Rinehart produce the following documents and things at the offices of Mask & Guerrero, 1100 E. Jasmine Avenue, Suite 204, McAllen, TX 78501.

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2:

Any and all photographs, videotapes, or other depictions of Defendant/Cross-Plaintiff, Cross-Defendant John Bee Rinehart, the scene of the collision or any vehicle involved in the collision in question.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3:

Any and all witness statements, including but not limited to, statements from Cross-Defendant John Bee Rinehart and Plaintiff.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4:

Any and all documents related to Cross-Defendant John Bee Rinehart's employment and performance with TransX, Ltd., including but not limited to, Cross-Defendant John Bee Rinehart's driver qualification file, his personnel file and all performance history records.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5:

Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Cross-Defendant John Bee Rinehart relating to his employment with TransX, Ltd.

### RESPONSE:

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 12 of 21 pgs.

**REQUEST FOR PRODUCTION NO. 6:**

Any records or documentation (medical or non-medical) concerning Cross-Defendant John Bee Rinehart that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

A photostatic copy of the front and back of Cross-Defendant John Bee Rinehart's current driver's license and any commercial license.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All manuals, instructions, guidelines, directives, memoranda, and/or safety policies concerning the performance or execution of the position held by Cross-Defendant John Bee Rinehart at the time of the collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Any insurance policies that provide, or may provide, coverage for the collision in question, along with any reservation of rights regarding same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Any cell phone bills, records, and/or downloads that would show whether or not Cross-Defendant John Bee Rinehart was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills, records, and/or downloads for the day of the wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

All incident reports generated by Cross-Defendant John Bee Rinehart or TransX, Ltd., regarding the collision at issue in this lawsuit.

**RESPONSE:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 13 of 21 pgs.

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 12:**

Cross-Defendant John Bee Rinehart's log books for the period starting thirty (30) days before the wreck and ending seven (7) days after the wreck.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Cross-Defendant John Bee Rinehart during the period starting thirty (30) days before the wreck and ending three (3) days after the wreck.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**

All Qualcomm records and data regarding any vehicle operated by Cross-Defendant John Bee Rinehart, and any communications to and from Cross-Defendant John Bee Rinehart, for the period starting thirty (30) days before the wreck and ending three (3) days after the wreck.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**

All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Cross-Defendant John Bee Rinehart during the period starting ten (10) days before the wreck and ending three (3) days after the wreck.  The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 16:**

All notice of logging violations for Cross-Defendant John Bee Rinehart for the period starting thirty (30) days before the wreck and ending seven (7) days after the wreck.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

The accident register for TransX, Ltd.

**RESPONSE:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 14 of 21 pgs.

**REQUEST FOR PRODUCTION NO. 18:**

All driver's vehicle inspection reports, including, but not limited to, all pre-trip check lists and post-trip check lists completed by Cross-Defendant John Bee Rinehart for the period starting thirty (30) days before the wreck and ending three (3) days after the wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

The vehicle accident kit issued to Cross-Defendant John Bee Rinehart.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All documents regarding any audits or examinations performed of TransX, Ltd., by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All e-mails, text messages, and other communications from Cross-Defendant John Bee Rinehart to TransX, Ltd., and/or any employee, dispatcher, manager, driver, contractor, safety director, or other person associated with TransX, Ltd., for the 14 days preceding the wreck, including the complete day of the subject wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All e-mails, text messages, and other communications sent to Cross-Defendant John Bee Rinehart from TransX, Ltd., and/or any employee, dispatcher, manager, driver, contractor, safety director, or other person associated with TransX, Ltd., for the 14 days preceding the wreck, including the complete day of the subject wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

All e-mails, text messages, and other communications between Cross-Defendant John Bee Rinehart and any broker, shipper, or receiver for the 30 days preceding the wreck, including the day of the subject wreck.

**RESPONSE:**

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 15 of 21 pgs.

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 24:**

For each cell phone, iPad, tablet, or other mobile device present in the tractor at the time of the incident, all location data stored in the device for the time period for the 14 days preceding the wreck, including the complete day of the subject wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

For each cell phone, iPad, tablet, or other mobile device present in the tractor at the time of the incident, please produce all data that shows whether any apps were in use during time period for the 14 days preceding the wreck, including the complete day of the subject wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

For each cell phone, iPad, tablet, or other mobile device present in the tractor at the time of the incident, all data that shows whether Cross-Defendant John Bee Rinehart was using the device or making any inputs in the device for the 14 days preceding the wreck, including the complete day of the subject wreck.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Please produce any cell phone, iPad, tablet, or other mobile device in the tractor at the time of the crash for a forensic examination and download. **These items are CRITICAL EVIDENCE. Please do not use, alter, repair, destroy, clear/delete/erase the history or memory, or otherwise dispose of any of these items until Plaintiff has had an opportunity to inspect and download data from the same.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Any and all drive cam, dash cam, or in-cab video footage from the day of the subject crash.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All material relating to any preventative maintenance schedule for tractors and trailers in effect at TransX, Ltd., as of the date of the Subject Crash.

**RESPONSE:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 16 of 21 pgs.

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 30:**

All maintenance records for the subject tractor for one hundred eighty (180) days prior to, and including the day of the subject crash.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31:**

All policies that TransX, Ltd., had in place on the day of the subject crash regarding distracted driving.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 32:**

All training materials used by TransX, Ltd., to train its drivers on distracted driving, including but not limited to, TransX Ltd., training materials, and/or third-party training such as Smith Systems and J.J. Keller.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33:**

The routine maintenance policy of TransX, Ltd., for the subject tractor.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:**

All vehicle maintenance and/or repair requests made by any driver driving the subject tractor for the period one hundred eighty (180) days before the wreck and ending seven (7) days after the subject wreck.

**RESPONSE:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 17 of 21 pgs.

EXHIBIT C

## REQUESTS FOR ADMISSIONS TO TRANSX, LTD.

Pursuant to TEX. R. CIV. P. 198, Defendant/Cross-Plaintiff requests that, within 50 days from the time of service, Cross-Defendant TransX, Ltd., serve a written answer either admitting or denying specifically the matters hereinafter listed or setting forth in detail the reasons why you cannot truthfully either admit or deny them.

**REQUEST FOR ADMISSION NO. 1:**

Admit that there was a video camera inside of the TransX, Ltd. Truck at the time of the Subject Crash.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that there was a device capable of recording video inside of the TransX, Ltd. Truck at the time of the Subject Crash.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that video footage depicting the Subject Crash exists.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that video footage depicting the Subject Crash existed but no longer exists.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that, on the day of the Subject Crash, prior to the Subject Crash occurring, video footage was recorded by a device inside of the TransX, Ltd. Truck.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that person or persons in the employ of TransX, Ltd., or otherwise affiliated with TransX, Ltd., have reviewed video of the Subject Crash.

**RESPONSE:**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 18 of 21 pgs.

**REQUEST FOR ADMISSION NO. 7:**

Admit that agents of TransX, Ltd., have reviewed video of the Subject Crash.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 8:**

Admit that, after the Subject Crash occurred, a video recording device that had been inside of the TransX, Ltd. Truck was removed from the TransX, Ltd. Truck.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:**

Admit that, after the Subject Crash occurred, video footage depicting the Subject Crash, or events inside of the TransX, Ltd.  Truck at the time of the Subject Crash, was deleted or otherwise recorded over.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:**

Admit or Deny that a dash-cam, or any video recording device, was ever installed by, or at the direction of, any employee, associate or affiliate of TransX, Ltd., inside the cab of the subject truck, prior to the crash.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11:**

Admit or Deny that a dash-cam, or similar video recording device, was removed from the subject TransX, Ltd. Truck prior to the October 21, 2020 inspection.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**

Admit or Deny that a dash-cam, or similar video recording device, was removed from the subject TransX, Ltd. Truck after the subject crash occurred and prior to the October 21, 2020 inspection.

**RESPONSE:**


*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 19 of 21 pgs.

56

EXHIBIT C

Respectfully submitted,

Jody R. Mask
State Bar of Texas No. 24010214
E-Mail: jody@masklaw.com
Alberto L. Guerrero
State Bar of Texas No. 00790800
E-Mail: beto@masklaw.com
**MASK & GUERRERO**
1100 E. Jasmine Avenue, Suite 204
McAllen, TX 78501
Tel. No.: 956/524-4040
Fax No.: 956/322-4113

By: _____
     Jody R. Mask


Stephen A. Gibson
State Bar of Texas No. 24043690
E-Mail: attorney956@gmail.com
**LAW OFFICE OF STEPHEN A. GIBSON**
3205 W. Alberta Road
Edinburg, TX 78539
Tel. No.: 956/223-4733
Fax No.: 956/284-0986

**ATTORNEYS FOR DEFENDANT/CROSS-PLAINTIFF**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 20 of 21 pgs.

EXHIBIT C

### CERTIFICATE OF SERVICE

I hereby certify that on **July 19, 2021**, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via E-Service Notification:

| | |
|---|---|
| Carlos Rodriguez | Donato D. Ramos, Jr. |
| Mary Noel Golder | **LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.** |
| Saraneil Stribling | Texas Community Bank Building, Suite 350 |
| **WEBB, STOKES & SPARKS, L.L.P.** | 6721 McPherson Road |
| P.O. Box 1271 | Laredo, TX 78041 |
| San Angelo, TX 76902 | ------------- |
| Tel. No.: 325/653-6866 | P.O. Box 452009 |
| Fax No.: 325/655-1250 | Laredo, TX 78045 |
| *e-mail: crod@webbstokessparks.com* | Tel. No.: 956/772-9909 |
| *e-mail: mngolder@webbstokessparks.com* | Fax No.: 956/727-5884 |
| *e-mail: sstribling@webbstokessparks.com* | *e-mail: donatoramosjr@ddrlex.com* |

*Attorneys for Plaintiffs Tony James Jones and Vanna Haile Jones*  /  *Attorney for Plaintiffs Tony James Jones and Vanna Haile Jones*

| | |
|---|---|
| Ray R. Ortiz | George P. Pappas |
| Brenda Montoya | Brian S. O'Rear |
| **ORTIZ & BATIS, P.C.** | **SHEEHY, WARE & PAPPAS, P.C.** |
| 10100 Reunion Place, Suite 600 | 2500 Two Houston Center |
| San Antonio, TX 78216 | 909 Fannin Street |
| Tel. No.: 210/344-3900 | Houston, TX 77010-1003 |
| Fax No.: 210/366-4301 | Tel. No.: 713/951-1000 |
| *e-mail: ray@ob-lawpc.com* | Fax No.: 713/951-1199 |
| *e-mail: brenda@ob-lawpc.com* | *e-mail: gpappas@sheehyware.com* |
| *e-mail: rrosupport@ob-lawpc.com* | *e-mail: borear@sheehyware.com* |

*Attorneys for Defendant Noe Pena*  /  *Attorneys for Cross-Defendants TransX, LTD., and John Bee Rinehart*

Jody R. Mask

---

*Jones v. TransX*; Def/Cross-Plf Peña's Cross-Claim -- p. 21 of 21 pgs.

Filed: 7/26/2021 3:33 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

CAUSE NO. DC-20-443



| | | |
|---|---|---|
| Tony James **JONES** and Vanna Haile **JONES**, | § § § | |
| *plaintiffs*, | § § | |
| *v.* | § § | |
| Noe **PEÑA**, | § § | **381ST JUDICIAL DISTRICT COURT** |
| *defendant/cross-plaintiff*, | § § | **STARR COUNTY, TEXAS** |
| *v.* | § § | |
| **TRANSX, LTD.**, and John Bee **RINEHART**, | § § § | |
| *defendants/cross-defendants* | § | |

### DEFENDANT/CROSS-PLAINTIFF NOE PEÑA'S *UNOPPOSED* MOTION TO CONDUCT DOCKET CONTROL CONFERENCE VIA ZOOM

Defendant/Cross-Plaintiff Noe **PEÑA** moves the Court to conduct any upcoming docket control conference via Zoom for the following reasons:

1.      On July 19, 2021, the Court advised the parties via e-mail of a docket control conference to be held at 1:30 p.m. on July 28, 2021.  In the e-mail, the Court advised the parties to request approval to conduct the hearing via Zoom.

2.      Counsel for Defendants TransX and John Bee Reinhart has advised that he is unavailable to conduct the hearing as scheduled because he currently is out-of-state with family on a previously scheduled trip.

3.      Counsel for Mr. Peña <u>do not oppose</u> re-scheduling the docket control conference to accommodate the travel schedule of defense counsel.

4.      Counsel for Mr. Peña do request that the docket control conference be conducted via Zoom when it does occur.

5.      All parties are in agreement with this Motion.

**THEREFORE**, Defendant/Cross-Plaintiff Noe **PEÑA** requests that the upcoming docket control conference be conducted via Zoom when it does occur.

---

*Jones v. TransX*; Def/Cross-Plf Peña's <u>Unopposed</u> Motion to Conduct DCC via Zoom -- p. 1 of 4 pgs.

Respectfully submitted,

Jody R. Mask
State Bar of Texas No. 24010214
E-Mail: jody@masklaw.com
Alberto L. Guerrero
State Bar of Texas No. 00790800
E-Mail: beto@masklaw.com
**MASK & GUERRERO**
1100 E. Jasmine Avenue, Suite 204
McAllen, TX 78501
Tel. No.: 956/524-4040
Fax No.: 956/322-4113

By: _____
    Jody R. Mask

Stephen A. Gibson
State Bar of Texas No. 24043690
E-Mail: attorney956@gmail.com
**LAW OFFICE OF STEPHEN A. GIBSON**
3205 W. Alberta Road
Edinburg, TX 78539
Tel. No.: 956/223-4733
Fax No.: 956/284-0986

**ATTORNEYS FOR DEFENDANT/CROSS-PLAINTIFF**

---

*Jones v. TransX*; Def/Cross-Plf Peña's Unopposed Motion to Conduct DCC via Zoom -- p. 2 of 4 pgs.

### CERTIFICATE OF CONFERENCE

On July 20, 2021, I communicated with Carlos Rodriguez, counsel for the Jones Plaintiffs, Ray Ortiz, defense counsel for Noe Peña, and Kevin Cazalas, counsel for Defendants, and each advised that he is in agreement with this motion.

**Alberto L. Guerrero**

*Jones v. TransX*; Def/Cross-Plf Peña's Unopposed Motion to Conduct DCC via Zoom -- p. 3 of 4 pgs.

### CERTIFICATE OF SERVICE

I hereby certify that on **July 20, 2021**, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via E-Service Notification:

| | |
|---|---|
| Carlos Rodriguez<br>Mary Noel Golder<br>Saraneil Stribling<br>**WEBB, STOKES & SPARKS, L.L.P.**<br>P.O. Box 1271<br>San Angelo, TX 76902<br>Tel. No.: 325/653-6866<br>Fax No.: 325/655-1250<br>*e-mail: crod@webbstokessparks.com*<br>*e-mail: mngolder@webbstokessparks.com*<br>*e-mail: sstribling@webbstokessparks.com*<br><br>*Attorneys for Plaintiffs Tony James Jones*<br>*and Vanna Haile Jones* | Donato D. Ramos, Jr.<br>**LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.**<br>Texas Community Bank Building, Suite 350<br>6721 McPherson Road<br>Laredo, TX 78041<br>-------------<br>P.O. Box 452009<br>Laredo, TX 78045<br>Tel. No.: 956/772-9909<br>Fax No.: 956/727-5884<br>*e-mail: donatoramosjr@ddrlex.com*<br><br>*Attorney for Plaintiffs Tony James Jones*<br>*and Vanna Haile Jones* |
| Ray R. Ortiz<br>Brenda Montoya<br>**ORTIZ & BATIS, P.C.**<br>10100 Reunion Place, Suite 600<br>San Antonio, TX 78216<br>Tel. No.: 210/344-3900<br>Fax No.: 210/366-4301<br>*e-mail: ray@ob-lawpc.com*<br>*e-mail: brenda@ob-lawpc.com*<br>*e-mail: rrosupport@ob-lawpc.com*<br><br>*Attorneys for Defendant Noe Pena* | George P. Pappas<br>Kevin Cazalas<br>**SHEEHY, WARE & PAPPAS, P.C.**<br>2500 Two Houston Center<br>909 Fannin Street<br>Houston, TX 77010-1003<br>Tel. No.: 713/951-1000<br>Fax No.: 713/951-1199<br>*e-mail: gpappas@sheehyware.com*<br>*e-mail: kcazalas@sheehyware.com*<br><br>*Attorneys for Cross-Defendants TransX, LTD.,*<br>*and John Bee Rinehart* |

_____
Jody R. Mask

---

*Jones v. TransX*; Def/Cross-Plf Peña's <u>Unopposed</u> Motion to Conduct DCC via Zoom -- p. 4 of 4 pgs.

Filed: 7/26/2021 3:35 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

CAUSE NO. DC-20-443

| | | |
|---|---|---|
| Tony James **JONES** and<br>Vanna Haile **JONES**, | § | |
| | § | |
| | § | |
| *plaintiffs*, | § | |
| | § | |
| *v.* | § | |
| | § | **381ST JUDICIAL DISTRICT COURT** |
| Noe **PEÑA**, | § | |
| | § | |
| *defendant/cross-plaintiff*, | § | **STARR COUNTY, TEXAS** |
| | § | |
| *v.* | § | |
| | § | |
| **TRANSX, LTD.**, and John Bee **RINEHART**, | § | |
| | § | |
| *defendants/cross-defendants* | § | |

**ORDER GRANTING DEFENDANT/CROSS-PLAINTIFF NOE PEÑA'S UNOPPOSED
MOTION TO CONDUCT DOCKET CONTROL CONFERENCE VIA ZOOM**

Before the Court is *Defendant/Cross-Plaintiff Noe Peña's Unopposed Motion to Conduct Docket Control Conference Via Zoom* (the "Motion"). The Court has considered the Motion and all of the papers on file in this cause and is of the opinion that the Motion should be and it is hereby GRANTED. The upcoming Docket Control Conference shall be conducted via Zoom. ID # 918-4788-7314 @ 1:30 p.m.

SIGNED this ___26th___ day of ___July_____, 2021.

_____
**PRESIDING JUDGE**

-1-

EXHIBIT C

**COPIES TO:**

Jody R. Mask
Alberto L. Guerrero
**MASK & GUERRERO**
1100 E. Jasmine Avenue, Suite 204
McAllen, TX 78501
Tel. No.: 956/524-4040
Fax No.: 956/322-4113
*e-mail: jody@masklaw.com*
*e-mail: beto@masklaw.com*

*Attorneys for Cross-Plaintiff Noe Peña*

Stephen A. Gibson
**LAW OFFICE OF STEPHEN A. GIBSON**
3205 W. Alberta Road
Edinburg, TX 78539
Tel. No.: 956/223-4733
Fax No.: 956/284-0986
*e-mail: attorney956@gmail.com*

*Attorney for Defendant/Cross-Plaintiff Noe Peña*

Carlos Rodriguez
Mary Noel Golder
Saraneil Stribling
**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, TX 76902
Tel. No.: 325/653-6866
Fax No.: 325/655-1250
*e-mail: crod@webbstokessparks.com*
*e-mail: mngolder@webbstokessparks.com*
*e-mail: sstribling@webbstokessparks.com*

*Attorneys for Plaintiffs Tony James Jones
and Vanna Haile Jones*

Donato D. Ramos, Jr.
**LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.**
Texas Community Bank Building, Suite 350
6721 McPherson Road
Laredo, TX 78041
-------------
P.O. Box 452009
Laredo, TX 78045
Tel. No.: 956/772-9909
Fax No.: 956/727-5884
*e-mail: donatoramosjr@ddrlex.com*

*Attorney for Plaintiffs Tony James Jones
and Vanna Haile Jones*

Ray R. Ortiz
Brenda Montoya
**ORTIZ & BATIS, P.C.**
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Tel. No.: 210/344-3900
Fax No.: 210/366-4301
*e-mail: ray@ob-lawpc.com*
*e-mail: brenda@ob-lawpc.com*
*e-mail: rrosupport@ob-lawpc.com*

*Attorneys for Defendant Noe Peña*

George P. Pappas
Kevin Cazalas
**SHEEHY, WARE & PAPPAS, P.C.**
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010-1003
Tel. No.: 713/951-1000
Fax No.: 713/951-1199
*e-mail: gpappas@sheehyware.com*
*e-mail: kcazalas@sheehyware.com*

*Attorneys for Cross-Defendants TransX, LTD.,
and John Bee Rinehart*

-2-

EXHIBIT C

Filed: 8/3/2021 12:16 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Zeida Leija

## CAUSE NO. DC-20-443

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NOE PEÑA** | § | **STARR COUNTY, TEXAS** |
| *Defendant/Cross Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TRANSX, LTD. and JOHN BEE RINEHART** | § | |
| *Defendant/Cross-Defendant.* | § | **381ST JUDICIAL DISTRICT** |

## CROSS-DEFENDANTS, TRANSX, LTD. AND JOHN B. RINEHART'S ORIGINAL ANSWER TO DEFENDANT/CROSS-PLAINTIFF, NOE PENA'S CROSS CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Cross Defendants, **TRANSX, LTD.** and **JOHN B. RINEHART** (hereinafter "Cross-Defendants"), in the above-styled and numbered cause, and file their Original Answer to NOE PEÑA's (hereinafter "Cross-Plaintiff") Cross Claim against them on file herein and would show as follows:

### I.
### GENERAL DENIAL

As authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Cross-Defendant enters a general denial of claims pled by Cross-Plaintiff and request that the Court require the Cross-Plaintiff to prove his charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.
### DENIALS

1. Cross-Defendants deny that they are liable to Cross-Plaintiff for contribution for any damages.

2. Cross-Defendants deny that they are obligated to indemnify and defend Cross-Plaintiff of the claims brought by the Plaintiffs in this lawsuit.

3. Cross-Defendants deny that Cross-Plaintiff is entitled to recover attorney's fees and court costs from Cross-Defendants.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, having fully answered, Cross Defendants, **TRANSX, LTD.** and **JOHN B. RINEHART** request that they be released, discharged, and acquitted of the claims filed against them by Cross-Plaintiff, Noe Peña, that Cross-Plaintiff take nothing by reason of this suit, for the reasonable and necessary attorney's fees and costs which Cross Defendants have incurred in defending this Cross Claim, and for all other and further relief which Cross Defendants are entitled.

Respectfully submitted,

**SHEEHY WARE PAPPAS GRUBBS, P.C.**

By:_____
George P. Pappas
SBN 15454800
gpappas@sheehyware.com
Kevin C. Cazalas
SBN: 24069487
kcazalas@sheehyware.com
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Phone (713) 951-1000
Fax (713) 951-1199

**ATTORNEYS FOR CROSS DEFENDANTS, TRANSX, LTD. AND JOHN B. RINEHART**

2

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above and foregoing document was served electronically and by email on August 3, 2021 as follows:

| *Attorneys for Plaintiffs:* | *Counsel for Defendant, Noe Pena:* |
|---|---|
| Carlos Rodriguez | Ray R. Ortiz |
| Mary Noel Golder | Brenda Montoya |
| Saraneil Stribling | **Ortiz & Batis, P.C**. |
| **Webb, Stokes & Sparks, L.L.P.** | 10100 Reunion Place, Suite 600 |
| P.O. Box 1271 | San Antonio, Texas 78216 |
| San Angelo, Texas 76902 | *Via E-file and email* |
|     -AND- | *ray@ob-lawpc.com* |
| Donato D. Ramos, Jr. | *brenda@ob-lawpc.com* |
| Law Office of Donato D. Ramos, P.L.L.C. | *rrosupport@ob-lawpc.com* |
| Texas Community Bank Bldg., Suite 350 | |
| 6724 McPherson Rd. (78041) | |
| Laredo, Texas 78045 | |
| *Via E-file and email* | |
| *crod@webbstokessparks.com* | |
| *mngolder@webbstokessparks.com* | |
| *sstribling@webbstokessparks.com* | |
| *donatoramosjr@ddrlex.com* | |

_____
George P. Pappas

3

Filed: 8/3/2021 12:16 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Zeida Leija

**CAUSE NO. DC-20-443**

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **vs.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| **NOE PEÑA** | § | **381ST DISTRICT COURT** |

---

## DEFENDANTS, TRANSX, LTD. AND JOHN B. RINEHART'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **TRANSX, LTD.** and **JOHN B. RINEHART,** (hereafter "Defendants") in the above entitled and numbered cause, and files their Original Answer and Affirmative Defenses to Plaintiffs, Tony James Jones and Vanna Haile Jones (hereafter "Plaintiffs") Original Petition on file herein and would show as follows:

### I.  GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained in Plaintiffs' Original Petition and respectfully request Plaintiffs be required to prove their claims by a preponderance of the credible evidence as required by Texas law.

### II.  AFFIRMATIVE DEFENSES

2.      Subject to Defendants' General Denial, pursuant to Texas Rule of Civil Procedure 94, and as separate, alternative, and/or additional defenses and/or defensive matters, Defendants affirmatively assert as follows:

**Settlement Credit**

a.      Defendants invoke their right to a reduction in any dollar verdict, which may be rendered in this case, by credit for payments made to Plaintiffs or by other persons or entities, or

by percentage reductions to which Defendants would be entitled as result of a jury finding against Plaintiffs or parties other than Defendants.  Defendants reserve their right to submit issues against parties, including Plaintiffs and other defendants who may be present in this case or absent from this case at the time the case is submitted to the jury.

**Limitation on Judgment Interest**

b.      Defendants assert that in the event of recovery of damages from Defendants in this case, any award of pre- and/or post judgment interest is limited by the provisions of §§ 304.103, 304.1045, and 304.003, Texas Finance Code.

**Proof of Certain Losses**

c.      In the event an award of damages is made to Plaintiffs, Defendants are entitled to such reductions as required by Section 18.091 of the Texas Civil Practices and Remedies Code, stating, "[n]otwithstanding any other law, if any claimant seeks recover for loss of earning, loss of earning capacity, loss of contributions, of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law." TEX. R. CIV. PRAC. & REM. CODE § 18.091.

**Reductions Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code**

d.      In the event an award of damages is made to Plaintiffs, Defendants are entitled to such reductions as required by Section 41.0105 of the Texas Civil Practice & Remedies Code, which states as follows: "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE § 41.0105. Consequently, Defendants would show Plaintiffs are only entitled to medical expenses actually paid to or incurred as a result of treatment provided by their healthcare provider(s), and not the amount initially charged by their medical

provider(s). Further, Defendants assert the admissibility standard of Haygood, where the Texas Supreme Court held that "only evidence of recoverable medical expenses is admissible at trial." *Haygood v. Escabedo*, 356 S.W.3d 390, 399-400 (Tex. 2011).

**Plaintiff's Failure to Mitigate Damages, Injuries, and/or Losses**

e.      Plaintiffs' claims may be barred or limited by Plaintiffs' failure to mitigate damages, injuries, and losses, if any.

**Existence of Pre-Existing Conditions**

f.      Plaintiffs' damages, injuries and losses, if any, were preexisting conditions, injuries, ailments, or illnesses, and as such, work to bar Plaintiffs' claims.

**Proportionate Responsibility and Contribution**

g.      In the event Plaintiffs request the Court to submit questions to the jury concerning the liability of Defendants under any liability theory, the doctrine of comparative responsibility and/or proportionate responsibility as provided under Section 33.0001 of the Texas Civil Practice and Remedies Code applies, requiring the fact-finder to compare the harm caused by the negligence of Plaintiffs and/or others with the harm, if any, caused by the alleged negligence or any other liability theory asserted against Defendants, any third-party defendant, and any responsible third party, including any settling tortfeasor and any responsible third party.

h.      Defendants reserve their right to submit the foregoing person(s) or entity(ies), known or unknown, including Plaintiffs and/or other third parties, shown by the evidence as being responsible for their proportionate share of responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, whether the result of their contributory negligence, assumption of the risk, or any other breach of a legal standard permitted under the statute. Responsibility for any injuries and/or damages sustained by Plaintiffs should be apportioned among all parties and all non-parties whose fault contributed to Plaintiffs' alleged injuries and/or damages.

**Attorney's Fees**

i.      Defendants are not responsible for payment of attorney's fees.

### III.  RIGHT TO SUPPLEMENT/AMEND

3.      Defendants reserve their right to supplement or amend this pleading at a later date.

### IV.  TEXAS DAMAGES ACT

If Defendants are found liable for exemplary damages, those damages must be capped under the Texas Damages Act, §§41.005, 41.007, 41.008, 41.010 and 41.012 of the Texas Civil Practice and Remedies Code and the Due Process Clauses of the United States and Texas Constitutions.

### V.  RULE 193.7, T.R.C.P.

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Defendants give notice of their intent to use documents produced by any party in response to all discovery propounded throughout the course of this litigation, including any pretrial proceedings and at the time of trial.

### VI. JURY DEMAND

Defendants request a trial by jury of all issues of fact raised in this action.

### VII. PRAYER

Accordingly, Defendants, **TRANSX, LTD.** and **JOHN B. RINEHART** respectfully requests that Plaintiffs, **TONY JAMES JONES** and **VANNA HAILE JONES** take nothing by reason of the allegations contained in their Original Petition (including any amended and/or supplemental petitions subsequently filed), and for all other relief to which Defendants may be justly entitled under law or equity.

/
/
/
/
/
/

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: _____

George P. Pappas
SBN 15454800
gpappas@sheehyware.com
Kevin C. Cazalas
SBN: 24069487
kcazalas@sheehyware.com
909 Fannin Street, Suite 2500
Houston, Texas 77010-1003
Phone (713) 951-1000
Fax (713) 951-1199

**ATTORNEYS FOR CROSS DEFENDANTS,
TRANSX, LTD. AND JOHN B. RINEHART**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document was served electronically and by email on August 3, 2021 as follows:

| *Attorneys for Plaintiffs:* | *Counsel for Defendant, Noe Pena:* |
|---|---|
| Carlos Rodriguez, Mary Noel Golder | Ray R. Ortiz |
| Saraneil Stribling | Brenda Montoya |
| **Webb, Stokes & Sparks, L.L.P.** | **Ortiz & Batis, P.C**. |
| P.O. Box 1271 | 10100 Reunion Place, Suite 600 |
| San Angelo, Texas 76902 | San Antonio, Texas 78216 |
|     -AND- | *Via E-file and email* |
| Donato D. Ramos, Jr. | *ray@ob-lawpc.com* |
| **Law Office of Donato D. Ramos, P.L.L.C.** | *brenda@ob-lawpc.com* |
| Texas Community Bank Bldg., Suite 350 | *rrosupport@ob-lawpc.com* |
| 6724 McPherson Rd. (78041) | |
| Laredo, Texas 78045 | |
| *Via E-file and email* | |
| *crod@webbstokessparks.com* | |
| *mngolder@webbstokessparks.com* | |
| *sstribling@webbstokessparks.com* | |
| *donatoramosjr@ddrlex.com* | |

_____

George P. Pappas

**EXHIBIT C**

Filed: 8/10/2021 10:00 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

No.  <u>DC-20-443</u>

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **VS.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| | § | |
| **NOE PENA** | § | **381st JUDCIAL DISTRICT** |

<u>**PLAINTIFFS TONY JAMES JONES AND VANNA HAILE JONES' SPECIAL
EXCEPTION TO DEFENDANTS TRANSX, LTD. AND JOHN B. RINEHART'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, TONY JAMES JONES and VANNA HAILE JONES, Plaintiffs herein, and file this their Special Exception in reply to Defendants TRANSX, LTD. AND JOHN B. RINEHART's Original Answer and Affirmative Defenses on file herein, and as grounds therefore, would respectfully show the Court as follows:

I.

Plaintiffs specially except to so much of Paragraph II(e) of Defendant's Original Answer and Affirmative Defenses, which alleges that **"Plaintiffs' claims may be barred or limited by Plaintiffs' failure to mitigate damages, injuries, and losses, if any",** for the reason that Defendants do not set out with particularity how Plaintiffs failed to mitigate their damages, injuries or losses, and do not put Plaintiffs upon proper notice of the proof they will be required to meet in this case.  Plaintiffs would pray for an Order striking Paragraph II(e) of Defendants' Original Answer and Affirmative Defenses, or in the alternative, that Defendants be required to plead more specifically.

II.

Plaintiffs specially except to so much of Paragraph II(f) of Defendants' Original Answer and Affirmative Defenses, which alleges that **"Plaintiffs' damages, injuries and losses, if any, were preexisting conditions, injuries, ailments, or illnesses, and as such, work to bar Plaintiffs' claims",** for the reason that Defendants do not set out with particularity what preexisting conditions, injuries, ailments, or illnesses they are referring to , and do not put Plaintiffs upon proper notice of the proof they will be required to meet in this case.  Plaintiffs would pray for an Order striking Paragraph II(f) of Defendants' Original Answer and Affirmative Defenses, or in the alternative, that Defendants be required to plead more specifically.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the allegations in Paragraphs II(e) and II(f) of Defendants' Original Answer and Affirmative Defenses, as referred to herein, be stricken, or in the alternative, Defendants be ordered to plead more specifically.  Plaintiffs further pray for such other and further relief to which Plaintiffs may show themselves justly entitled.

**EXHIBIT C**

Respectfully submitted,

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas   76902
Phone (325) 653-6866
Fax (325) 655-1250


By:      */s/ Carlos Rodriguez*
             **CARLOS RODRIGUEZ**
             State Bar No. 24041804
             crod@webbstokessparks.com
             **MARY NOEL GOLDER**
             State Bar No. 08089700
             mngolder@webbstokessparks.com
             **SARANEIL STRIBLING**
             State Bar No. 24095496
             sstribling@webbstokessparks.com

             AND

             **DONATO RAMOS, JR.**
             State Bar No. 24041744
             donatoramosjr@ddrlex.com
             Law Office of Donato D. Ramos, P.L.L.C
             Texas Community Bank Bldg., Suite 350
             6724 McPherson Rd.  (78041)
             Laredo, Texas       78045
             Phone: (956) 722-9909
             Fax: (956) 727-5884

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

On this the __10__ day of __August__, 2021, a true and correct copy of the foregoing instrument was duly served on all parties' attorneys of record, to-wit:

*<u>Via efile & Email:</u>*
Ray R. Ortiz      ray@ob-lawpc.com
Brenda Montoya   brenda@ob-lawpc.com
ORTIZ & BATIS, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas, 78216
        *Counsel for Defendant, Noe Pena*

*<u>Via efile & Email:</u>*
George P. Pappas   gpappas@sheehyware.com
Kevin C. Cazalas   kcazalas@sheehyware.com
SHEEHY, WARE & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, Texas   77010-1003
        *Counsel for Cross Defendants, TRANSX, LTD. and John B. Rinehart*

*<u>Via efile & Email:</u>*
Steven M. Gonzalez   sgonzalez@valleyfirm.com
Edward J. Castillo   ecastillo@valleyfirm.com
GONZALEZ, CASTILLO, MOYA, LLP
1317 E. Quebec Avenue
McAllen, Texas   78503
        *Additional Counsel for Defendant TRANSX, LTD.*

*<u>Via efile & Email:</u>*
Jody Mask      jody@masklaw.com
Alberto Guerrero   beto@masklaw.com
MASK & GUERRERO
100 E. Jasmine Avenue, Suite 204
McAllen, TX   78501-4393
        *Counsel for Intervenor, Noe Pena*

*<u>Via efile & Email:</u>*
Stephen Gibson    attorney956@gmail.com
LAW OFFICE OF STEPHEN A. GIBSON
3205 W. Alberta Road
Edinburg, TX   78539
        *Additional Counsel for Intervenor, Noe Pena*

        ___/s/ Carlos Rodriguez_____
        OF COUNSEL

*Plaintiffs' Special Exceptions to Defs TRANSX & Rinehart's Original Answer*                    4

EXHIBIT C

Filed: 9/3/2021 1:57 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Maria Guerra

## CAUSE NO. DC-20-443

| | | |
|---|---|---|
| Tony James **JONES** and<br>Vanna Haile **JONES**, | § | |
| | § | |
| *plaintiffs,* | § | |
| | § | |
| *v.* | § | |
| | § | **381ST JUDICIAL DISTRICT COURT** |
| Noe **PEÑA**, | § | |
| | § | |
| *defendant/cross-plaintiff*, | § | **STARR COUNTY, TEXAS** |
| | § | |
| *v.* | § | |
| | § | |
| **TRANSX, LTD.**, and John Bee **RINEHART**, | § | |
| | § | |
| *defendants/cross-defendants* | § | |

### AGREED DOCKET CONTROL ORDER

Be It Remembered that on _____ day of _____, 2021, Counsel for all

parties appeared, and the court entered the following order:

1.    Discovery Deadlines:

       (a)    Plaintiffs/Cross-Plaintiff:           **May 13, 2022**
       (b)    Defendants/Cross-Defendants:     **May 20, 2022**

2.    Designation of Experts:

       (a)    Plaintiffs/Cross-Plaintiff:           **February 18, 2022**
       (b)    Defendants/Cross-Defendants:     **March 18, 2022**

3.    Daubert/Robinson Hearings (if needed):     **April 27, 2022**

       (a)    Amendment of Pleadings (Plaintiffs/Cross-Plaintiff):     **June 3, 2022**
       (b)    Amendment of Pleadings (Defendants/Cross-Defendants):  **June 10, 2022**

4.    Final Pre-Trial Conference Pursuant to T.R.C.P. # 166:     **June 8, 2022 @ 9:00 a.m.**

       All motions in limine shall be filed and heard at final pretrial. Trial Notebooks shall be in
compliance with T.R.C.P. 166, including special issues.

5.    Trial by Jury:  **June 20, 2022**

9/3/2021 11:28 AM

Jose Luis Garza
381st District Judge

-1-

_____

Jody R. Mask
Alberto L. Guerrero
**MASK & GUERRERO**
1100 E. Jasmine Avenue, Suite 204
McAllen, TX 78501
Tel. No.: 956/524-4040
Fax No.: 956/322-4113
*e-mail: jody@masklaw.com*
*e-mail: beto@masklaw.com*
*e-mail: efile@masklaw.com*

and

Stephen A. Gibson
**LAW OFFICE OF STEPHEN A. GIBSON**
3205 W. Alberta Road
Edinburg, TX 78539
Tel. No.: 956/223-4733
Fax No.: 956/284-0986
*e-mail: attorney956@gmail.com*

*Attorneys for Defendant/Cross-Plaintiff Noe Peña*


*Carlos Rodriguez (w/permission ALG)*
_____
Carlos Rodriguez
Mary Noel Golder
Saraneil Stribling
**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, TX 76902
Tel. No.: 325/653-6866
Fax No.: 325/655-1250
*e-mail: crod@webbstokessparks.com*
*e-mail: mngolder@webbstokessparks.com*
*e-mail: sstribling@webbstokessparks.com*

and

Donato D. Ramos, Jr.
**LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.**
Texas Community Bank Building, Suite 350
6721 McPherson Road
Laredo, TX 78041
-------------
P.O. Box 452009
Laredo, TX 78045
Tel. No.: 956/772-9909
Fax No.: 956/727-5884
*e-mail: donatoramosjr@ddrlex.com*

*Attorneys for Plaintiffs Tony James Jones*
*and Vanna Haile Jones*

-2-

EXHIBIT C

*Ray R. Ortiz (w/permission ALG)*
Ray R. Ortiz
Brenda Montoya
**ORTIZ & BATIS, P.C.**
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Tel. No.: 210/344-3900
Fax No.: 210/366-4301
*e-mail: ray@ob-lawpc.com*
*e-mail: brenda@ob-lawpc.com*
*e-mail: rrosupport@ob-lawpc.com*

*Attorneys for Defendants Noe Peña*

*Kevin C. Cazalas (w/permission ALG)*
George P. Pappas
Kevin C. Cazalas
**SHEEHY, WARE & PAPPAS, P.C.**
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010-1003
Tel. No.: 713/951-1000
Fax No.: 713/951-1199
*e-mail: gpappas@sheehyware.com*
*e-mail: kcazalas@sheehyware.com*

*Attorneys for Defendants/Cross-Defendants*
*TransX, LTD., and John Bee Rinehart*

-3-

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Zurbaran on behalf of Jody Mask
Bar No. 24010214
efile@masklaw.com
Envelope ID: 56828520
Status as of 9/3/2021 2:48 PM CST

Associated Case Party: TonyJamesJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| SaraNeil Stribling | | sstribling@webbstokessparks.com | 8/31/2021 2:09:02 PM | SENT |
| Kristi Kinard | | kkinard@webbstokessparks.com | 8/31/2021 2:09:02 PM | SENT |

Associated Case Party: Noe Pena

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ray R.Ortiz | | ray@ob-lawpc.com | 8/31/2021 2:09:02 PM | SENT |
| Ray R.Ortiz | | rrosupport@ob-lawpc.com | 8/31/2021 2:09:02 PM | SENT |
| Brenda Montoya | | brenda@ob-lawpc.com | 8/31/2021 2:09:02 PM | SENT |

Associated Case Party: TransX, Ltd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George P.Pappas | | gpappas@sheehyware.com | 8/31/2021 2:09:02 PM | SENT |

Associated Case Party: JohnBRinehart

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin C.Cazalas | | kcazalas@sheehyware.com | 8/31/2021 2:09:02 PM | SENT |

Case Contacts

| Name |
|------|
| Laurie Duncan |
| Carlos Rodriguez |

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Zurbaran on behalf of Jody Mask
Bar No. 24010214
efile@masklaw.com
Envelope ID: 56828520
Status as of 9/3/2021 2:48 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Donato D.Ramos, Jr. | | donatoramosjr@ddrlex.com | 8/31/2021 2:09:02 PM | SENT |
| Karen Hooker | | khooker@webbstokessparks.com | 8/31/2021 2:09:02 PM | SENT |
| Filevine Jones | | jamestonyjonesz7752875@projects.filevine.com | 8/31/2021 2:09:02 PM | SENT |
| Jody R.Mask | | Jody@masklaw.com | 8/31/2021 2:09:02 PM | SENT |
| Alberto L.Guerrero | | Beto@masklaw.com | 8/31/2021 2:09:02 PM | SENT |
| Stephen A.Gibson | | attorney956@gmail.com | 8/31/2021 2:09:02 PM | SENT |

EXHIBIT C

Filed: 9/7/2021 2:08 PM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

**CAUSE NO. DC-20-443**

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **vs.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| **NOE PEÑA** | § | **381ST DISTRICT COURT** |

---

### DEFENDANTS, TRANSX, LTD. AND JOHN B. RINEHART'S
### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **TRANSX, LTD.** and **JOHN B. RINEHART,** (hereafter "Defendants") in the above entitled and numbered cause, and files their First Amended and Affirmative Defenses to Plaintiffs, Tony James Jones and Vanna Haile Jones (hereafter "Plaintiffs") Original Petition on file herein and would show as follows:

### I. GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations contained in Plaintiffs' Original Petition and respectfully request Plaintiffs be required to prove their claims by a preponderance of the credible evidence as required by Texas law.

### II. AFFIRMATIVE DEFENSES

2.      Subject to Defendants' General Denial, pursuant to Texas Rule of Civil Procedure 94, and as separate, alternative, and/or additional defenses and/or defensive matters, Defendants affirmatively assert as follows:

**Settlement Credit**

a.      Defendants invoke their right to a reduction in any dollar verdict, which may be rendered in this case, by credit for payments made to Plaintiffs or by other persons or entities, or

by percentage reductions to which Defendants would be entitled as result of a jury finding against Plaintiffs or parties other than Defendants.  Defendants reserve their right to submit issues against parties, including Plaintiffs and other defendants who may be present in this case or absent from this case at the time the case is submitted to the jury.

**Limitation on Judgment Interest**

b.      Defendants assert that in the event of recovery of damages from Defendants in this case, any award of pre- and/or post judgment interest is limited by the provisions of §§ 304.103, 304.1045, and 304.003, Texas Finance Code.

**Proof of Certain Losses**

c.      In the event an award of damages is made to Plaintiffs, Defendants are entitled to such reductions as required by Section 18.091 of the Texas Civil Practices and Remedies Code, stating, "[n]otwithstanding any other law, if any claimant seeks recover for loss of earning, loss of earning capacity, loss of contributions, of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law." TEX. R. CIV. PRAC. & REM. CODE § 18.091.

**Reductions Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code**

d.      In the event an award of damages is made to Plaintiffs, Defendants are entitled to such reductions as required by Section 41.0105 of the Texas Civil Practice & Remedies Code, which states as follows: "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE § 41.0105. Consequently, Defendants would show Plaintiffs are only entitled to medical expenses actually paid to or incurred as a result of treatment provided by their healthcare provider(s), and not the amount initially charged by their medical

provider(s). Further, Defendants assert the admissibility standard of Haygood, where the Texas Supreme Court held that "only evidence of recoverable medical expenses is admissible at trial." *Haygood v. Escabedo*, 356 S.W.3d 390, 399-400 (Tex. 2011).

### Proportionate Responsibility and Contribution

e.      In the event Plaintiffs request the Court to submit questions to the jury concerning the liability of Defendants under any liability theory, the doctrine of comparative responsibility and/or proportionate responsibility as provided under Section 33.0001 of the Texas Civil Practice and Remedies Code applies, requiring the fact-finder to compare the harm caused by the negligence of Plaintiffs and/or others with the harm, if any, caused by the alleged negligence or any other liability theory asserted against Defendants, any third-party defendant, and any responsible third party, including any settling tortfeasor and any responsible third party.

f.      Defendants reserve their right to submit the foregoing person(s) or entity(ies), known or unknown, including Plaintiffs and/or other third parties, shown by the evidence as being responsible for their proportionate share of responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, whether the result of their contributory negligence, assumption of the risk, or any other breach of a legal standard permitted under the statute. Responsibility for any injuries and/or damages sustained by Plaintiffs should be apportioned among all parties and all non-parties whose fault contributed to Plaintiffs' alleged injuries and/or damages.

### Attorney's Fees

g.      Defendants are not responsible for payment of attorney's fees.

### III.  RIGHT TO SUPPLEMENT/AMEND

Defendants reserve their right to supplement or amend this pleading at a later date.

### IV.  TEXAS DAMAGES ACT

If Defendants are found liable for exemplary damages, those damages must be capped

under the Texas Damages Act, §§41.005, 41.007, 41.008, 41.010 and 41.012 of the Texas Civil Practice and Remedies Code and the Due Process Clauses of the United States and Texas Constitutions.

## V.  RULE 193.7, T.R.C.P.

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Defendants give notice of their intent to use documents produced by any party in response to all discovery propounded throughout the course of this litigation, including any pretrial proceedings and at the time of trial.

## VI. JURY DEMAND

Defendants request a trial by jury of all issues of fact raised in this action.

## VII.  PRAYER

Accordingly, Defendants, **TRANSX, LTD.** and **JOHN B. RINEHART** respectfully requests that Plaintiffs, **TONY JAMES JONES** and **VANNA HAILE JONES** take nothing by reason of the allegations contained in their Original Petition (including any amended and/or supplemental petitions subsequently filed), and for all other relief to which Defendants may be justly entitled under law or equity.

*(Signature block on following page)*

EXHIBIT C

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: _____

George P. Pappas
SBN 15454800
gpappas@sheehyware.com
Kevin C. Cazalas
SBN: 24069487
kcazalas@sheehyware.com
909 Fannin Street, Suite 2500
Houston, Texas 77010-1003
Phone (713) 951-1000
Fax (713) 951-1199

**ATTORNEYS FOR CROSS DEFENDANTS,
TRANSX, LTD. AND JOHN B. RINEHART**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above and foregoing document was served electronically and by email on August 3, 2021 as follows:

| *Attorneys for Plaintiffs:* | *Counsel for Defendant, Noe Pena:* |
|---|---|
| Carlos Rodriguez, Mary Noel Golder | Ray R. Ortiz |
| Saraneil Stribling | Brenda Montoya |
| **Webb, Stokes & Sparks, L.L.P.** | **Ortiz & Batis, P.**C. |
| P.O. Box 1271 | 10100 Reunion Place, Suite 600 |
| San Angelo, Texas 76902 and | San Antonio, Texas 78216 |
|     Donato D. Ramos, Jr. | *Via E-file and email* |
| **Law Office of Donato D. Ramos, P.L.L.C.** | *ray@ob-lawpc.com* |
| Texas Community Bank Bldg., Suite 350 | *brenda@ob-lawpc.com* |
| 6724 McPherson Rd. (78041) | *rrosupport@ob-lawpc.com* |
| Laredo, Texas 78045 | |
| *Via E-file and email* | |
| *crod@webbstokessparks.com* | |
| *mngolder@webbstokessparks.com* | |
| *sstribling@webbstokessparks.com* | |
| *donatoramosjr@ddrlex.com* | |

_____

George P. Pappas

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laurie Duncan on behalf of George Pappas
Bar No. 15454800
lduncan@sheehyware.com
Envelope ID: 57008020
Status as of 9/7/2021 2:19 PM CST

Associated Case Party: TonyJamesJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| SaraNeil Stribling | | sstribling@webbstokessparks.com | 9/7/2021 2:08:21 PM | SENT |
| Kristi Kinard | | kkinard@webbstokessparks.com | 9/7/2021 2:08:21 PM | SENT |

Associated Case Party: Noe Pena

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ray R.Ortiz | | ray@ob-lawpc.com | 9/7/2021 2:08:21 PM | SENT |
| Ray R.Ortiz | | rrosupport@ob-lawpc.com | 9/7/2021 2:08:21 PM | SENT |
| Brenda Montoya | | brenda@ob-lawpc.com | 9/7/2021 2:08:21 PM | SENT |

Associated Case Party: TransX, Ltd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George P.Pappas | | gpappas@sheehyware.com | 9/7/2021 2:08:21 PM | SENT |

Case Contacts

| Name |
|------|
| Laurie Duncan |
| Carlos Rodriguez |
| Donato D.Ramos, Jr. |
| Karen Hooker |
| Filevine Jones |
| Jody R.Mask |
| Alberto L.Guerrero |

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laurie Duncan on behalf of George Pappas
Bar No. 15454800
lduncan@sheehyware.com
Envelope ID: 57008020
Status as of 9/7/2021 2:19 PM CST

Case Contacts

| Stephen A.Gibson | | attorney956@gmail.com | 9/7/2021 2:08:21 PM | SENT |

Associated Case Party: JohnBRinehart

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Kevin C.Cazalas | | kcazalas@sheehyware.com | 9/7/2021 2:08:21 PM | SENT |

Filed: 9/7/2021 4:35 PM
Orlando Velasquez, District Clerk
Starr County, Texas
Brendaly Guerrero

**★ SWPG SHEEHY WARE PAPPAS GRUBBS**

**Kevin Cazalas**
Shareholder
kcazalas@sheehyware.com
(713) 951-1166

909 Fannin Street
Suite 2500
Houston, TX 77010

September 7, 2021

Carlos Rodriguez
Saraneil Stribling
Mary Noel Golder
WEBB, STOKES & SPARKS
314 W Harris Ave
San Angelo, TX 76903

Re:     Cause No. DC-20-443; *James T. and Vanna Jones vs. Noe Pena vs. TransX, Ltd. and John Bee Rinehart*; In the 381st Judicial District Court of Starr County, Texas

Dear SaraNeil:

This letter is intended to serve as a Rule 11 agreement between Plaintiffs, Tony James Jones and Vanna Haile Jones and Defendants, Transx, LTD. and John B. Rinehart. A hearing on Plaintiffs Special Exceptions is currently scheduled for September 8, 2021, at 9:00 a.m. before the Honorable Judge Garza. This afternoon Defendants filed their First Amended Answer and Affirmative Defenses, and because of the amendment, Plaintiffs have agreed to pass said hearing.

If this accurately describes the terms of the parties' agreement, please return this letter with your signature. Thank you for your continued cooperation.

Sincerely yours,

Kevin C. Cazalas

AGREED:

Saraneil Stribling

| 909 Fannin Street | 3838 Oaklawn Avenue | 112 East Pecan Street | 5316 W Highway 290 | 2200 Market Street |
|---|---|---|---|---|
| Suite 2500 | Suite 250 | Suite 450 | Suite 150 | Suite 700 |
| Houston, Texas 77010 | Dallas, Texas 75210 | San Antonio, Texas 78205 | Austin, Texas 78735 | Galveston, Texas 77550 |
| (713) 951-1000 | (214) 521-7500 | (726) 800-3001 | (512) 457-5501 | (409) 621-1818 |

www.sheehyware.com

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laurie Duncan on behalf of Kevin Cazalas
Bar No. 24069487
lduncan@sheehyware.com
Envelope ID: 57020729
Status as of 9/7/2021 4:38 PM CST

Associated Case Party: TonyJamesJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| SaraNeil Stribling | | sstribling@webbstokessparks.com | 9/7/2021 4:35:14 PM | SENT |
| Kristi Kinard | | kkinard@webbstokessparks.com | 9/7/2021 4:35:14 PM | SENT |

Associated Case Party: Noe Pena

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ray R.Ortiz | | ray@ob-lawpc.com | 9/7/2021 4:35:14 PM | SENT |
| Ray R.Ortiz | | rrosupport@ob-lawpc.com | 9/7/2021 4:35:14 PM | SENT |
| Brenda Montoya | | brenda@ob-lawpc.com | 9/7/2021 4:35:14 PM | SENT |

Associated Case Party: TransX, Ltd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George P.Pappas | | gpappas@sheehyware.com | 9/7/2021 4:35:14 PM | SENT |

Case Contacts

| Name |
|------|
| Laurie Duncan |
| Carlos Rodriguez |
| Donato D.Ramos, Jr. |
| Karen Hooker |
| Filevine Jones |
| Jody R.Mask |
| Alberto L.Guerrero |

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laurie Duncan on behalf of Kevin Cazalas
Bar No. 24069487
lduncan@sheehyware.com
Envelope ID: 57020729
Status as of 9/7/2021 4:38 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Stephen A.Gibson | | attorney956@gmail.com | 9/7/2021 4:35:14 PM | SENT |

Associated Case Party: JohnBRinehart

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kevin C.Cazalas | | kcazalas@sheehyware.com | 9/7/2021 4:35:14 PM | SENT |

Filed: 9/22/2021 11:55 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Ana Martinez

## CAUSE NO. DC-20-443

| | | |
|---|---|---|
| Tony James Jones and<br>Vanna Haile Jones, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | 381st Judicial District Court |
| Noe Peña and Kiabet Gonzalez, | § | |
| | § | |
| Defendant/Cross-Plaintiffs, | § | Starr County, Texas |
| | § | |
| v. | § | |
| | § | |
| TransX, Ltd., and John Bee Rinehart, | § | |
| | § | |
| Defendants/Cross-Defendants. | § | |

## NOE PEÑA'S AND KIABET GONZALEZ'S FIRST AMENDED CROSS-CLAIM

Noe Peña and Kiabet Gonzalez bring this cross-claim for damages against TransX, Ltd., and John Bee Rinehart, and allege as follows:

### DISCOVERY CONTROL PLAN

1.     Discovery should be conducted under Discovery Control Plan Level 3.

### PARTIES

2.     Plaintiffs are Tony James Jones and Vanna Haile Jones.  They are adult residents of San Angelo (Tom Green County), Texas.

3.     Noe Peña is a defendant and an adult resident of Rio Grande City (Starr County), Texas.  He now asserts a cross-claim.  At all relevant times, he has been informally married to Cross-Plaintiff Kiabet Gonzalez.

4.     Kiabet Gonzalez is a cross-plaintiff and an adult resident of Rio Grande City (Starr County), Texas.  At all relevant times, she has been informally married to Noe Peña.

5.     TransX, Ltd. ("TransX") is a Canadian corporation that does business in Texas. TransX has appeared in this case as a defendant and now is named as a cross-defendant.  No further service of process as to TransX is required or requested.

---

*Jones, et al., v. TransX, et al.*; Peña's and Gonzalez's 1st Amd. Cross-Claim -- p. 1 of 6 pgs.

6.      John Bee Rinehart is an adult resident of Big Valley (Alberta), Canada.  Mr. Rinehart has appeared in this case as a defendant and now is named as a cross-defendant.  No further service of process as to Mr. Rinehart is required or requested.

## JURISDICTION AND VENUE

7.      Mr. Peña and Ms. Gonzalez seek monetary relief over $1,000,000.00, and the damages sought are within the jurisdictional limits of this Court.

8.      Venue of this action is proper in Starr County because Mr. Peña was a resident of Starr County at the time that Plaintiffs' and Mr. Peña's and Ms. Gonzalez's causes of action accrued.

## STATEMENT OF FACTS

9.      On approximately January 25, 2020, Mr. Peña and Ms. Gonzalez agreed to be married and thereafter lived together in Texas as husband and wife and there represented to others that they were married, all within the meaning of TEX. FAM. CODE §2.401(a).  In addition, Mr. Peña and Ms. Gonzalez have signed and filed a declaration of informal marriage as provided for by TEX. FAM. CODE §2.402.

10.     TransX is a commercial motor carrier and operates a fleet of trucks that traverse the Texas roadways.  Prior to August 25, 2020, TransX qualified Mr. Rinehart as a driver and, at relevant times, employed him as a driver.  TransX then entrusted Mr. Rinehart with one of its tractors, a 2019 Peterbilt (VIN: 1XPBDP9X4KD615232), which was paired with a TransX-owned 2013 trailer (VIN: 1UYVS2531DU714203)(collectively, the "TransX Truck").

11.     On or about August 25, 2020, Mr. Peña was driving his 2009 Ford F-150 pick-up truck south on U.S. Highway 67 in Dawson County, Texas.  He came to a stop at a red light at the intersection with State Highway 349.  The Jones Plaintiffs also were driving south on U.S. Highway 67 in their Audi SUV.  They, too, were stopped at the red light and were in front of Mr. Peña.  Mr. Rinehart also was driving south on U.S. Highway 67 in the TransX Truck, behind Mr. Peña Peña. In doing so, he was acting in the course and scope of his employment by TransX and in furtherance of TransX's business interests.  As Mr. Rinehart approached the red light and the intersection with State Highway 349, he failed to reduce his speed or to stop.  Instead, he slammed into the rear of Mr.

---

*Jones, et al., v. TransX, et al.*; Peña's and Gonzalez's 1st Amd. Cross-Claim -- p. 2 of 6 pgs.

93

Peña's pick-up truck.  Mr. Peña suffered catastrophic injuries in the crash, among them a complete spinal cord injury that has rendered him a paraplegic.  Mr. Peña's pick-up truck was a total loss.

## DAMAGES

12.     As a result of the crash, Mr. Peña has sustained actual damages for his past and future physical pain and mental anguish, past and future physical impairment, past lost income and loss of future earning capacity, past and future disfigurement, and past and future medical care expenses. Also as a result of the crash and the injuries to Mr. Peña, Ms. Gonzalez has suffered actual damages for the past and future loss of her husband's consortium.  Finally, Mr. Peña suffered property damages for the total loss of his pick-up truck.

## CLAIMS FOR RELIEF

### Count One: negligence

13.     Mr. Rinehart's conduct in crashing the TransX  Truck into the rear of Mr. Peña pick-up truck was negligent under Texas law in at least the following particulars: (1) driving in willful or wanton disregard for the safety of persons and property, (2) failing to keep a proper lookout, (3) failing to properly and/or timely apply brakes, (4) failing to maintain proper control of his vehicle, (5) failing to turn his vehicle to avoid a collision, (6) failing to give proper warning of an impending collision, (7) failing to obey a traffic signal, (8) driving at an unsafe speed in light of the conditions, (9) failing to maintain a proper distance from other traffic, and (10) driving while distracted.  Such negligent conduct proximately caused Mr. Peña's and Ms. Gonzalez's damages.  As such, Mr. Rinehart is liable to Mr. Peña and Ms. Gonzalez for those damages.

14.     TransX was negligent with respect to its hiring, supervising, and training of Mr. Rinehart.   TransX also was negligent with respect to its maintenance of the TransX Truck, particularly its brakes.  Such negligence is actionable under Texas law and proximately caused Peña's and Ms. Gonzalez's damages, for which damages TransX is liable.

*Jones, et al., v. TransX, et al.*; Peña's and Gonzalez's 1st Amd. Cross-Claim -- p. 3 of 6 pgs.

94

EXHIBIT C

**Count Two: vicarious liability - *respondeat superior***

15.     Mr. Rinehart's above-described conduct constitutes negligence under Texas law that proximately caused Mr. Peña's and Ms. Gonzalez's damages.  Such conduct also was done while Mr. Rinehart was acting in the scope of his employment by TransX and in furtherance of its business. Therefore, under the doctrine of *respondeat superior*, TransX is liable to Mr. Peña and Ms. Gonzalez for their damages.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Noe Peña and Kiabet Gonzalez respectfully request the following relief:

a.      That this Court award them judgment against TransX, Ltd., and John Bee Rinehart, jointly and severally, in an amount in excess of $1,000,000.00 for their actual damages, including all lawful pre-judgment and post-judgment interest at the maximum lawful rate;

b.      That this Court award them their costs in this cause; and

c.      That this Court award any other relief that it deems just and proper.

## <u>JURY DEMAND</u>

Having paid the jury fee of $40.00 to the Starr County Clerk, Noe Peña and Kiabet Gonzalez demand a jury trial.

*Jones, et al., v. TransX, et al.*; Peña's and Gonzalez's 1st Amd. Cross-Claim -- p. 4 of 6 pgs.

95

Respectfully submitted,

Jody R. Mask
State Bar of Texas No. 24010214
E-Mail: jody@masklaw.com
Alberto L. Guerrero
State Bar of Texas No. 00790800
E-Mail: beto@masklaw.com
**MASK & GUERRERO**
1100 E. Jasmine Avenue, Suite 204
McAllen, TX 78501
Tel. No.: 956/524-4040
Fax No.: 956/322-4113

By: _____
      Jody R. Mask

Stephen A. Gibson
State Bar of Texas No. 24043690
E-Mail: attorney956@gmail.com
**LAW OFFICE OF STEPHEN A. GIBSON**
3205 W. Alberta Road
Edinburg, TX 78539
Tel. No.: 956/223-4733
Fax No.: 956/284-0986

**ATTORNEYS FOR
DEFENDANT/CROSS-PLAINTIFFS**

*Jones, et al., v. TransX, et al.*; Peña's and Gonzalez's 1st Amd. Cross-Claim -- p. 5 of 6 pgs.

96

EXHIBIT C

## CERTIFICATE OF SERVICE

I hereby certify that on **September 22, 2021**, the foregoing was served on counsel via E-Service Notification:

Carlos Rodriguez
Mary Noel Golder
Saraneil Stribling
**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, TX 76902
Tel. No.: 325/653-6866
Fax No.: 325/655-1250
E-mail: crod@webbstokessparks.com
E-mail: mngolder@webbstokessparks.com
E-mail: sstribling@webbstokessparks.com

Attorneys for Plaintiffs Tony James Jones
and Vanna Haile Jones

Donato D. Ramos, Jr.
**LAW OFFICES OF DONATO D. RAMOS, P.L.L.C.**
Texas Community Bank Building, Suite 350
6721 McPherson Road
Laredo, TX 78041
-------------
P.O. Box 452009
Laredo, TX 78045
Tel. No.: 956/772-9909
Fax No.: 956/727-5884
E-mail: donatoramosjr@ddrlex.com

Attorney for Plaintiffs Tony James Jones
and Vanna Haile Jones

Ray R. Ortiz
Brenda Montoya
**ORTIZ & BATIS, P.C.**
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Tel. No.: 210/344-3900
Fax No.: 210/366-4301
E-mail: ray@ob-lawpc.com
E-mail: brenda@ob-lawpc.com
E-mail: rrosupport@ob-lawpc.com

Attorneys for Defendant Noe Pena

George P. Pappas
Kevin C. Cazalas
**SHEEHY, WARE & PAPPAS, P.C.**
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010-1003
Tel. No.: 713/951-1000
Fax No.: 713/951-1199
E-mail: gpappas@sheehyware.com
E-mail: kcazalas@sheehyware.com

Attorneys for Defendants/Cross-Defendants
TransX, LTD., and John Bee Rinehart

_____
Jody R. Mask

_____
*Jones, et al., v. TransX, et al.*; Peña's and Gonzalez's 1st Amd. Cross-Claim -- p. 6 of 6 pgs.

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Zurbaran on behalf of Jody Mask
Bar No. 24010214
efile@masklaw.com
Envelope ID: 57492677
Status as of 9/22/2021 1:04 PM CST

Associated Case Party: TonyJamesJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| SaraNeil Stribling | | sstribling@webbstokessparks.com | 9/22/2021 11:55:08 AM | SENT |

Associated Case Party: Noe Pena

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brenda Montoya | | brenda@ob-lawpc.com | 9/22/2021 11:55:08 AM | SENT |
| Ray R.Ortiz | | ray@ob-lawpc.com | 9/22/2021 11:55:08 AM | SENT |
| Ray R.Ortiz | | rrosupport@ob-lawpc.com | 9/22/2021 11:55:08 AM | SENT |

Associated Case Party: TransX, Ltd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George P.Pappas | | gpappas@sheehyware.com | 9/22/2021 11:55:08 AM | SENT |

Associated Case Party: JohnBRinehart

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin C.Cazalas | | kcazalas@sheehyware.com | 9/22/2021 11:55:08 AM | SENT |

Case Contacts

| Name |
|------|
| Carlos Rodriguez |
| Donato D.Ramos, Jr. |
| Filevine Jones |

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lisa Zurbaran on behalf of Jody Mask
Bar No. 24010214
efile@masklaw.com
Envelope ID: 57492677
Status as of 9/22/2021 1:04 PM CST

Case Contacts

| Jody R.Mask | | Jody@masklaw.com | 9/22/2021 11:55:08 AM | SENT |
| Alberto L.Guerrero | | Beto@masklaw.com | 9/22/2021 11:55:08 AM | SENT |
| Stephen A.Gibson | | attorney956@gmail.com | 9/22/2021 11:55:08 AM | SENT |

**EXHIBIT C**

Filed: 1/25/2022 11:27 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Marlin Salinas

No.  DC-20-443

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **VS.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| | § | |
| **NOE PENA** | § | **381st JUDCIAL DISTRICT** |

**PLAINTIFF'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER
AGAINST DEFENDANT'S NOTICE OF INTENTION TO TAKE DEPOSITIONS BY
WRITTEN QUESTIONS OF PLAINTIFF'S, VANNA HAILE JONES,
HEALTHCARE PROVIDERS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, VANNA HAILE JONES, and files this Motion to Quash

Depositions by Written Question of Plaintiff's healthcare providers, and in support

thereof, Plaintiff shows the following:

**A.  Introduction**

Plaintiff filed suit against Defendant on November 25, 2020, for damages arising

from injuries sustained in an automobile collision, which occurred on August 25, 2020.

On January 21, 2022, Defendant served Plaintiff's counsel Notices of Intention to

Take Deposition by Written Questions of the custodians of records for Shannon Medical

Center and Dr. Monty Wright, requesting the following records:

**Any and all medical records, including but not limited to, any and all reports,**

**notes, tests, test results, diagnoses, prognoses, office records, outpatient services, clinic**

**records, therapy records, physical therapy records, Patient History Forms, Sign-In/Sign**

**Out Sheets, Patient Questionnaires, (PATIENT DEMOGRAPHICS) and any other type**

**of record or data that is produced, recorded, or preserved on film or transparencies or**

**that is magnetically or electronically recorded;**

EXHIBIT C

Any and all billing records from 08/25/2020 to the present, files, papers, reports, notes, memoranda, correspondence, invoices, including but not limited to, any and all itemized billing statements, Letters of Protection, ledgers, references to billing codes, and any other type of record or data that is produced, recorded, received, maintained or preserved as a hardcopy, on film, magnetically or electronically, whether generated by you or elsewhere, that contain information relating to: charges for medical services and/or treatment, whether incurred, adjusted and/or paid by the patient or on the patient's behalf; insurance or disability claims filed, paid and/or denied, including charges adjusted pursuant to any contract or agreement you have with any third party or provider of insurance, medical or disability benefits; charges for medical services and/or treatment that were written off or charged off; and payments made by or received from any third party, including any provider of insurance or other medical or disability benefits in connection with charges for medical services and/or treatment;

Any and all x-ray films, including but not limited to, any and all myleograms, CT Scans, MRis, discograms, and any other type of record or data that is produced, recorded, or preserved on film or transparencies or that is magnetically or electronically recorded.

Plaintiff asks the Court to grant Plaintiff's Motion to Quash Defendant's Depositions by Written Questions of Plaintiff's Healthcare Providers.

### B. Argument & Authorities

As a general rule, medical records are confidential and shall not be disclosed in civil cases. *See* Tex. R. Evid. 509(c)(2), 510(b)(2). There is a "litigation" exception to this rule when a Plaintiff's injury or mental condition is part of a claim or defense. *See* Tex. R. Evid. 509(e)(4), 510(d)(5). Only medical conditions and/or medical records that relate "in a significant way to a party's claim or defense" are discoverable. *See R.K. v. Ramirez*, 887

EXHIBIT C

S.W.2d 836 (Tex. 1994); *Groves v. Gabriel*, 874 S.W.2d 660 (Tex. 1994); *Mutter v. Wood*, 744 S.W.2d 600 (Tex. 1988).

Discovery may be obtained about any matter relevant to the subject matter of the case. Tᴇx. R. Cɪv. P. 192.3. Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Here, none of the records requested in subject matter and only the billing record request is limited in time. Defendants' Depositions by Written Questions seeks "**any and all records medical records", "any and all billing records", and "any and all x-rays films",** conceivably from the date of birth of Plaintiff up to the present. Further, the request is not limited to the parts of Plaintiff's body which were injured in the incident made the basis of this suit. This request is so overbroad as to include, for example, Plaintiff's colonoscopies, gynecology exams, etc., if any, which are clearly private and wholly irrelevant to any issue in this lawsuit.

Plaintiff objects to Defendant's Depositions by Written Questions to Plaintiff's Healthcare Providers as they exceed the scope of discovery as prohibited discovery as they are nothing more than prohibited "FISHING" discovery. See, *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (no discovery device can be used to "fish"). Further objection is made to these requests as they are over broad, vague and ambiguous and seek matters not relevant or material to any claim or defense in this matter.

The filing of Plaintiff, VANNA HAILE JONES', Objections to Defendants' Depositions by Written Questions and Motion to Quash and for Protective Order automatically stays the healthcare providers' obligation to comply with Defendant's subpoena duces tecum. *See* Tex. Civ. P. 176.6(d) ("A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless

**EXHIBIT C**

ordered to do so by the court."); Tex. R. Civ. P. 176.6(e) ("A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court.").

The documents that are sought by Defendant are not relevant or material to the incident made the basis of this suit. Plaintiff, VANNA HAILE JONES, objects to the proposed Notice of Intention to take Depositions by Written Questions and Subpoena Duces Tecum and requests the Court to enter an order quashing both the Notices of Intention to take Depositions by Written Questions and the Subpoena Duces Tecums to Shannon Medical Center and Dr. Monty Wright. Again, the Depositions by Written Questions and the Subpoena Duces Tecums to Shannon Medical Center and Dr. Monty Wright violate Plaintiff's privacy rights and are nothing more than a prohibited fishing attempt for records prohibited by the Texas Rules of Civil Procedure and applicable case law.

It is unclear why Defendant even seeks these records; however, Plaintiff, VANNA HAILE JONES, would assert that the Depositions by Written Questions are overly broad and seek matters not relevant or material to the issues made the basis of this lawsuit. In accordance with Rule 192, and in particular, Rule 192.6(b) Movant (Plaintiff), requests an order of the Court protecting her from the undue invasion of her personal privacy rights pursuant to the Texas and U.S. Constitutions. Here, it appears that the Defendant is simply fishing for something they hope will help in their defense or for impeachment evidence on Plaintiff as it has not proposed a reason for the request of Plaintiff's records. Neither is a proper purpose for discovery. The Texas Supreme Court has rejected the notion that discovery can be used just to fish for evidence. *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). It further has held that discovery cannot be used solely for

**EXHIBIT C**

impeachment purposes. *See Russell v. Young*, 452 S.W.2d 434, 437 (Tex. 1970); *In re Weir*, 166 S.W.3d 861 (Tex. App.-Beaumont 2005, orig. proceeding).

Although the scope of discovery is broad, it still should be confined to the subject matter of the case and to the reasonable expectation of obtaining information that will aid resolution of the dispute. *See* TEX. R. CIV. P. 192, cmt. 1; *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003). Defendant's request does not seek documents which are relevant or reasonably calculated to the discovery of admissible evidence. *See Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985); *Valley Forge Ins. Co. v. Jones,* 733 S.W.2d 319, 321 (Tex. App.—Texarkana 1987, no writ). Discovery must be limited to what is relevant. *See* TEX. R. CIV. P 192.3(a); *see also Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 814 (Tex. 1995).

Finally, Plaintiff also objects as the matters sought are not relevant or material under Rule 192.3 of the Texas Rules of Civil Procedure and therefore their discovery should be denied.

## C. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, VANNA HAILE JONES, requests the Court to conduct a hearing on this motion, that upon hearing the Court enter its order granting this motion in its entirety, and for such other and further relief to which Plaintiff may be entitled.

**EXHIBIT C**

Respectfully submitted,

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas   76902
325/653-6866
FAX 325/655-1250

BY_____
**CARLOS RODRIGUEZ**
State Bar No. 24041804
crod@webbstokessparks.com
**MARY NOEL GOLDER**
State Bar No. 08089700
mngolder@webbstokessparks.com
**SARANEIL STRIBLING**
State Bar No. 24095496
sstribling@webbstokessparks.com

AND

Law Offices of Donato D. Ramos, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Rd. (78041)
P.O. Box 452009
Laredo, Texas 78045
Telephone: (956) 722-9909
Facsimile: (956) 727-5884

**Donato D. Ramos, Jr.**
SBN: 24041744
donatoramosjr@ddrlex.com

ATTORNEYS FOR PLAINTIFFS

**EXHIBIT C**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this the __25th__ day of <u>January</u>, 2022, a true and correct copy of the foregoing instrument was forwarded to all counsel of record as follows:

*<u>Via E-serve & Email:</u>*
Ray R. Ortiz        ray@ob-lawpc.com
Brenda Montoya   brenda@ob-lawpc.com
ORTIZ & BATÍS, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas, 78216
        *Counsel for Defendant, Noe Pena*

*<u>Via  E-serve & Email:</u>*
George P. Pappas   gpappas@sheehyware.com
Kevin C. Cazalas     kcazalas@sheehyware.com
SHEEHY, WARE & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, Texas   77010-1003
        *Counsel for Cross Defendants, TRANSX, LTD. and John B. Rinehart*

*<u>Via E-serve & Email:</u>*
Steven M. Gonzalez   sgonzalez@valleyfirm.com
Edward J. Castillo     ecastillo@valleyfirm.com
GONZALEZ, CASTILLO, MOYA, LLP
1317 E. Quebec Avenue
McAllen, Texas   78503
        *Additional Counsel for Defendant TRANSX, LTD.*

*<u>Via E-serve & Email:</u>*
Jody Mask          jody@masklaw.com
Alberto Guerrero   beto@masklaw.com
MASK & GUERRERO
1100 E. Jasmine Avenue, Suite 204
McAllen, TX   78501-4393
        *Counsel for Intervenor, Noe Pena*

*<u>Via E-serve & Email:</u>*
Stephen Gibson       attorney956@gmail.com
LAW OFFICE OF STEPHEN A. GIBSON
3205 W. Alberta Road
Edinburg, TX       78539
        *Additional Counsel for Intervenor, Noe Pena*


_____
OF COUNSEL

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christy Burrage on behalf of SaraNeil Stribling
Bar No. 24095496
cburrage@webbstokessparks.com
Envelope ID: 61120120
Status as of 1/25/2022 11:29 AM CST

Associated Case Party: TransX, Ltd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George P.Pappas | | gpappas@sheehyware.com | 1/25/2022 11:27:16 AM | SENT |

Associated Case Party: Noe Pena

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ray R.Ortiz | | ray@ob-lawpc.com | 1/25/2022 11:27:16 AM | SENT |
| Ray R.Ortiz | | rrosupport@ob-lawpc.com | 1/25/2022 11:27:16 AM | SENT |
| Brenda Montoya | | brenda@ob-lawpc.com | 1/25/2022 11:27:16 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos Rodriguez | | crod@webbstokessparks.com | 1/25/2022 11:27:16 AM | SENT |
| Donato D.Ramos, Jr. | | donatoramosjr@ddrlex.com | 1/25/2022 11:27:16 AM | SENT |
| Karen Hooker | | khooker@webbstokessparks.com | 1/25/2022 11:27:16 AM | SENT |
| Filevine Jones | | jamestonyjonesz7752875@projects.filevine.com | 1/25/2022 11:27:16 AM | SENT |
| Laurie Duncan | | lduncan@sheehyware.com | 1/25/2022 11:27:16 AM | SENT |
| Steven Gonzalez | | sgonzalez@valleyfirm.com | 1/25/2022 11:27:16 AM | SENT |
| Edward Castillo | | ecastillo@valleyfirm.com | 1/25/2022 11:27:16 AM | SENT |
| Christy Burrage | | cburrage@webbstokessparks.com | 1/25/2022 11:27:16 AM | SENT |
| Jody R.Mask | | Jody@masklaw.com | 1/25/2022 11:27:16 AM | SENT |
| Alberto L.Guerrero | | Beto@masklaw.com | 1/25/2022 11:27:16 AM | SENT |
| Stephen A.Gibson | | attorney956@gmail.com | 1/25/2022 11:27:16 AM | SENT |
| Karen Hooker | | khooker@webbstokessparks.com | 1/25/2022 11:27:16 AM | SENT |

Associated Case Party: TonyJamesJones

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christy Burrage on behalf of SaraNeil Stribling
Bar No. 24095496
cburrage@webbstokessparks.com
Envelope ID: 61120120
Status as of 1/25/2022 11:29 AM CST

Associated Case Party: TonyJamesJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristi Kinard | | kkinard@webbstokessparks.com | 1/25/2022 11:27:16 AM | SENT |
| SaraNeil Stribling | | sstribling@webbstokessparks.com | 1/25/2022 11:27:16 AM | SENT |

Associated Case Party: JohnBRinehart

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin C.Cazalas | | kcazalas@sheehyware.com | 1/25/2022 11:27:16 AM | SENT |

**EXHIBIT C**

Filed: 1/25/2022 11:31 AM
Orlando Velasquez, District Clerk
Starr County, Texas

Marlin Salinas

## No.  DC-20-443

| | | |
|---|---|---|
| **TONY JAMES JONES AND** | § | **IN THE DISTRICT COURT OF** |
| **VANNA HAILE JONES** | § | |
| | § | |
| **VS.** | § | **STARR COUNTY, TEXAS** |
| | § | |
| | § | |
| **NOE PENA** | § | **381st JUDCIAL DISTRICT** |

## PLAINTIFF'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER AGAINST DEFENDANT'S NOTICE OF INTENTION TO TAKE DEPOSITIONS BY WRITTEN QUESTIONS OF PLAINTIFF'S, JAMES TONY JONES, HEALTHCARE PROVIDERS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, JAMES TONY JONES, and files this Motion to Quash Depositions by Written Question of Plaintiff's healthcare providers, and in support thereof, Plaintiff shows the following:

### A.  Introduction

Plaintiff filed suit against Defendant on November 25, 2020, for damages arising from injuries sustained in an automobile collision, which occurred on August 25, 2020.

On January 21, 2022, Defendant served Plaintiff's counsel Notices of Intention to Take Deposition by Written Questions of the custodians of records for Shannon Medical Center, requesting the following records:

**Any and all medical records, including but not limited to, any and all reports, notes, tests, test results, diagnoses, prognoses, office records, outpatient services, clinic records, therapy records, physical therapy records, Patient History Forms, Sign-In/Sign Out Sheets, Patient Questionnaires, (PATIENT DEMOGRAPHICS) and any other type of record or data that is produced, recorded, or preserved on film or transparencies or that is magnetically or electronically recorded;**

EXHIBIT C

Any and all billing records from 08/25/2020 to the present, files, papers, reports, notes, memoranda, correspondence, invoices, including but not limited to, any and all itemized billing statements, Letters of Protection, ledgers, references to billing codes, and any other type of record or data that is produced, recorded, received, maintained or preserved as a hardcopy, on film, magnetically or electronically, whether generated by you or elsewhere, that contain information relating to: charges for medical services and/or treatment, whether incurred, adjusted and/or paid by the patient or on the patient's behalf; insurance or disability claims filed, paid and/or denied, including charges adjusted pursuant to any contract or agreement you have with any third party or provider of insurance, medical or disability benefits; charges for medical services and/or treatment that were written off or charged off; and payments made by or received from any third party, including any provider of insurance or other medical or disability benefits in connection with charges for medical services and/or treatment;

Any and all x-ray films, including but not limited to, any and all myleograms, CT Scans, MRis, discograms, and any other type of record or data that is produced, recorded, or preserved on film or transparencies or that is magnetically or electronically recorded.

Plaintiff asks the Court to grant Plaintiff's Motion to Quash Defendant's Depositions by Written Questions of Plaintiff's Healthcare Providers.

### B. <u>Argument & Authorities</u>

As a general rule, medical records are confidential and shall not be disclosed in civil cases. *See* Tex. R. Evid. 509(c)(2), 510(b)(2). There is a "litigation" exception to this rule when a Plaintiff's injury or mental condition is part of a claim or defense. *See* Tex. R. Evid. 509(e)(4), 510(d)(5). Only medical conditions and / or medical records that relate "in a significant way to a party's claim or defense" are discoverable. *See R.K. v. Ramirez*, 887

**EXHIBIT C**

S.W.2d 836 (Tex. 1994); *Groves v. Gabriel*, 874 S.W.2d 660 (Tex. 1994); *Mutter v. Wood*, 744 S.W.2d 600 (Tex. 1988).

Discovery may be obtained about any matter relevant to the subject matter of the case. TEX. R. CIV. P. 192.3. Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*. Here, none of the records requested in subject matter and only the billing record request is limited in time. Defendants' Depositions by Written Questions seeks "**any and all records medical records", "any and all billing records", and "any and all x-rays films",** conceivably from the date of birth of Plaintiff up to the present. Further, the request is not limited to the parts of Plaintiff's body which were injured in the incident made the basis of this suit. This request is so overbroad as to include, for example, Plaintiff's colonoscopies, prostate exams, etc., if any, which are clearly private and wholly irrelevant to any issue in this lawsuit.

Plaintiff objects to Defendant's Depositions by Written Questions to Plaintiff's Healthcare Providers as they exceed the scope of discovery as prohibited discovery as they are nothing more than prohibited "FISHING" discovery. See, *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (no discovery device can be used to "fish"). Further objection is made to these requests as they are over broad, vague and ambiguous and seek matters not relevant or material to any claim or defense in this matter.

The filing of Plaintiff, JAMES TONY JONES', Objections to Defendants' Depositions by Written Questions and Motion to Quash and for Protective Order automatically stays the healthcare providers' obligation to comply with Defendant's subpoena duces tecum. *See* Tex. R. Civ. P. 176.6(d) ("A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless

**EXHIBIT C**

ordered to do so by the court."); Tex. R. Civ. P. 176.6(e) ("A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court.").

The documents that are sought by Defendant are not relevant or material to the incident made the basis of this suit. Plaintiff, JAMES TONY JONES, objects to the proposed Notice of Intention to take Depositions by Written Questions and Subpoena Duces Tecum and requests the Court to enter an order quashing both the Notices of Intention to take Depositions by Written Questions and the Subpoena Duces Tecums to Shannon Medical Center. Again, the Depositions by Written Questions and the Subpoena Duces Tecums to Shannon Medical Center violates Plaintiff's privacy rights and are nothing more than a prohibited fishing attempt for records prohibited by the Texas Rules of Civil Procedure and applicable case law.

It is unclear why Defendant even seeks these records; however, Plaintiff, JAMES TONY JONES, would assert that the Depositions by Written Questions are overly broad and seek matters not relevant or material to the issues made the basis of this lawsuit. In accordance with Rule 192, and in particular, Rule 192.6(b) Movant (Plaintiff), requests an order of the Court protecting him from the undue invasion of his personal privacy rights pursuant to the Texas and U.S. Constitutions. Here, it appears that the Defendant is simply fishing for something they hope will help in their defense or for impeachment evidence on Plaintiff as it has not proposed a reason for the request of Plaintiff's records. Neither is a proper purpose for discovery. The Texas Supreme Court has rejected the notion that discovery can be used just to fish for evidence. *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). It further has held that discovery cannot be used solely for

EXHIBIT C

impeachment purposes. *See Russell v. Young*, 452 S.W.2d 434, 437 (Tex. 1970); *In re Weir*, 166 S.W.3d 861 (Tex. App.-Beaumont 2005, orig. proceeding).

Although the scope of discovery is broad, it still should be confined to the subject matter of the case and to the reasonable expectation of obtaining information that will aid resolution of the dispute. *See* TEX. R. CIV. P. 192, cmt. 1; *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003). Defendant's request does not seek documents which are relevant or reasonably calculated to the discovery of admissible evidence. *See Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985); *Valley Forge Ins. Co. v. Jones,* 733 S.W.2d 319, 321 (Tex. App.—Texarkana 1987, no writ). Discovery must be limited to what is relevant. *See* TEX. R. CIV. P 192.3(a); *see also Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 814 (Tex. 1995).

Finally, Plaintiff also objects as the matters sought are not relevant or material under Rule 192.3 of the Texas Rules of Civil Procedure and therefore their discovery should be denied.

## C. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JAMES TONY JONES, requests the Court to conduct a hearing on this motion, that upon hearing the Court enter its order granting this motion in its entirety, and for such other and further relief to which Plaintiff may be entitled.

**EXHIBIT C**

Respectfully submitted,

**WEBB, STOKES & SPARKS, L.L.P.**
P.O. Box 1271
San Angelo, Texas   76902
325/653-6866
FAX 325/655-1250

BY_____
**CARLOS RODRIGUEZ**
State Bar No. 24041804
crod@webbstokessparks.com
**MARY NOEL GOLDER**
State Bar No. 08089700
mngolder@webbstokessparks.com
**SARANEIL STRIBLING**
State Bar No. 24095496
sstribling@webbstokessparks.com

AND

Law Offices of Donato D. Ramos, P.L.L.C.
Texas Community Bank Bldg., Suite 350
6721 McPherson Rd. (78041)
P.O. Box 452009
Laredo, Texas 78045
Telephone: (956) 722-9909
Facsimile: (956) 727-5884

**Donato D. Ramos, Jr.**
SBN: 24041744
donatoramosjr@ddrlex.com

ATTORNEYS FOR PLAINTIFFS

**EXHIBIT C**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the __25th__ day of <u>January</u>, 2022, a true and correct copy of the foregoing instrument was forwarded to all counsel of record as follows:

*<u>Via E-serve & Email:</u>*
Ray R. Ortiz      <u>ray@ob-lawpc.com</u>
Brenda Montoya   <u>brenda@ob-lawpc.com</u>
ORTIZ & BATÍS, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas, 78216
    *Counsel for Defendant, Noe Pena*

*<u>Via  E-serve & Email:</u>*
George P. Pappas   <u>gpappas@sheehyware.com</u>
Kevin C. Cazalas    <u>kcazalas@sheehyware.com</u>
SHEEHY, WARE & PAPPAS, P.C.
909 Fannin Street, Suite 2500
Houston, Texas   77010-1003
    *Counsel for Cross Defendants, TRANSX, LTD. and John B. Rinehart*

*<u>Via E-serve & Email:</u>*
Steven M. Gonzalez   <u>sgonzalez@valleyfirm.com</u>
Edward J. Castillo     <u>ecastillo@valleyfirm.com</u>
GONZALEZ, CASTILLO, MOYA, LLP
1317 E. Quebec Avenue
McAllen, Texas   78503
    *Additional Counsel for Defendant TRANSX, LTD.*

*<u>Via E-serve & Email:</u>*
Jody Mask        <u>jody@masklaw.com</u>
Alberto Guerrero   <u>beto@masklaw.com</u>
MASK & GUERRERO
1100 E. Jasmine Avenue, Suite 204
McAllen, TX   78501-4393
    *Counsel for Intervenor, Noe Pena*

*<u>Via E-serve & Email:</u>*
Stephen Gibson     <u>attorney956@gmail.com</u>
LAW OFFICE OF STEPHEN A. GIBSON
3205 W. Alberta Road
Edinburg, TX       78539
    *Additional Counsel for Intervenor, Noe Pena*

_____
OF COUNSEL

EXHIBIT C

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Christy Burrage on behalf of SaraNeil Stribling
Bar No. 24095496
cburrage@webbstokessparks.com
Envelope ID: 61120440
Status as of 1/25/2022 11:47 AM CST

Associated Case Party: TransX, Ltd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George P.Pappas | | gpappas@sheehyware.com | 1/25/2022 11:31:19 AM | SENT |

Associated Case Party: Noe Pena

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ray R.Ortiz | | ray@ob-lawpc.com | 1/25/2022 11:31:19 AM | SENT |
| Ray R.Ortiz | | rrosupport@ob-lawpc.com | 1/25/2022 11:31:19 AM | SENT |
| Brenda Montoya | | brenda@ob-lawpc.com | 1/25/2022 11:31:19 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos Rodriguez | | crod@webbstokessparks.com | 1/25/2022 11:31:19 AM | SENT |
| Donato D.Ramos, Jr. | | donatoramosjr@ddrlex.com | 1/25/2022 11:31:19 AM | SENT |
| Karen Hooker | | khooker@webbstokessparks.com | 1/25/2022 11:31:19 AM | SENT |
| Filevine Jones | | jamestonyjonesz7752875@projects.filevine.com | 1/25/2022 11:31:19 AM | SENT |
| Laurie Duncan | | lduncan@sheehyware.com | 1/25/2022 11:31:19 AM | SENT |
| Steven Gonzalez | | sgonzalez@valleyfirm.com | 1/25/2022 11:31:19 AM | SENT |
| Edward Castillo | | ecastillo@valleyfirm.com | 1/25/2022 11:31:19 AM | SENT |
| Christy Burrage | | cburrage@webbstokessparks.com | 1/25/2022 11:31:19 AM | SENT |
| Jody R.Mask | | Jody@masklaw.com | 1/25/2022 11:31:19 AM | SENT |
| Alberto L.Guerrero | | Beto@masklaw.com | 1/25/2022 11:31:19 AM | SENT |
| Stephen A.Gibson | | attorney956@gmail.com | 1/25/2022 11:31:19 AM | SENT |
| Karen Hooker | | khooker@webbstokessparks.com | 1/25/2022 11:31:19 AM | SENT |

Associated Case Party: TonyJamesJones

**EXHIBIT C**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Christy Burrage on behalf of SaraNeil Stribling
Bar No. 24095496
cburrage@webbstokessparks.com
Envelope ID: 61120440
Status as of 1/25/2022 11:47 AM CST

Associated Case Party: TonyJamesJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristi Kinard | | kkinard@webbstokessparks.com | 1/25/2022 11:31:19 AM | SENT |
| SaraNeil Stribling | | sstribling@webbstokessparks.com | 1/25/2022 11:31:19 AM | SENT |

Associated Case Party: JohnBRinehart

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin C.Cazalas | | kcazalas@sheehyware.com | 1/25/2022 11:31:19 AM | SENT |